Matthew JACOBS, Claimant/Appellant,

v.

RYDER SYSTEM/COMPLETE AUTO TRANSIT, Employer/Cross–Appellant.

Nos. 57393, 57394.

Missouri Court of Appeals, Eastern District, Division One.

May 9, 1990.

Thomas M. Kendrick, St. Louis, for claimant-appellant.

James E. Thoenen, St. Louis, for employer cross-appellant.

REINHARD, Judge.

Claimant and Employer appeal from a final award of the Labor and Industrial Relations Commission (Commission). We affirm.

Claimant was employed as a truck driver by employer. On June 1, 1987, while unloading automobiles from a truck in Niles, Michigan, claimant attempted to loosen a hydraulic valve on the trailer with an iron winch bar. He felt a sharp pain in his back and left leg. He obtained medical treatment on his own and later was examined by employer's treating physician, Dr. Hertel, an orthopedic surgeon. Dr. Hertel recommended physical therapy, and claimant, while working on a machine designed to measure muscle strength, again experienced severe pain in the back and leg. An "MRI" revealed a herniated disk at the L5–S1 level. Dr. Hertel recommended a myelogram and surgery; claimant declined citing a concern that the surgery could result in even greater disability, along with the fact that he was then mobile and willing to endure the pain. He testified he would not rule out surgery at a later date.

Claimant was also examined by Dr. Shaerer, a neurologist. Dr. Shaerer diagnosed claimant as having a herniated disk at L5–S1 and a bulging disk at L4–5. Because he could perceive no nerve root damage, Dr. Shaerer did not consider claimant to be a candidate for surgery. Instead, he recommended treatment using facet denervation with radiofrequency modality.

Dr. Hertel concluded that claimant had a 25% permanent partial disability of the body as a whole and that claimant could again drive a truck cross-country so long as he lifted no weight greater than 40 pounds. Dr. Shaerer concluded that movant had a 35% permanent partial disability of the body as a whole and that he should no longer drive a truck cross-country.

In his claim for compensation, claimant sought payments for disability and future medical treatment. Employer's answer consisted of a general denial. The administrative law judge (ALJ) found that claimant sustained a 30% permanent partial disability of the body as a whole referable to the lower back; he awarded claimant 120 weeks of permanent partial disability compensation at $156.71 per week. Claimant's requests for temporary partial disability and for future medical treatment were denied. This latter claim was denied based on the fact that the two doctors did not agree on a treatment and that claimant had refused to undergo surgery. The ALJ specifically found, however, that claimant's refusal was not unreasonable.

Claimant appealed, and the Commission adopted the ALJ's findings and affirmed the award except as to the denial of future medical treatment. The Commission reiterated that claimant's decision to forgo surgery was reasonable and pointed out that surgery was not the only available treatment option. "Because the award of future medical expenses is designed not only to cure, but also to 'relieve' the effects of injury, the Commission believes it is appropriate to award future medical for the relief of pain in the mode described by Dr. Shaerer." Thus the Commission approved an award limited to payment for facet denervation with radiofrequency modality.

█ The standards governing review of the Commission's award are well-settled. We must affirm the award if it is supported by competent and substantial evidence on the whole record and if the Commission could reasonably have reached its result upon consideration of all the evidence in the light most favorable to the award. *Banner Iron Works v. Mordis,* 663 S.W.2d 770, 773 (Mo.App.1983).

█ Claimant's principal point on appeal is that the Commission erred in limiting its medical award to a specific mode of treatment, i.e. facet denervation with radiofrequency modality. Employer counters by arguing that the Commission should not have awarded *any* medical treatment because claimant refused the treatment recommended by employer's physician, i.e. surgery, and because the treatment awarded by the Commission was not recommended by employer's physician.

Section 287.140, RSMo 1986 provides in part:

> In addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical, chiropractic, and hospital treatment, including nursing, ambulance and medicines as may reasonably be required after the injury or disability, to cure and relieve from the effects of the injury.

█ Employer's first argument may be disposed of quickly. A claimant's refusal to submit to medical treatment bars an award of compensation only when the refusal is unreasonable. § 287.140.4, RSMo 1986. Unreasonable refusal to submit to surgery is an affirmative defense, with the burden of proof resting upon the employer. *Berry v. Moorman Manufacturing Co.,* 675 S.W.2d 131, 134 (Mo.App.1984). Reasonableness or the lack thereof is a question of fact. *Id.; Wood v. Wagner Electric Corp.,* 355 Mo. 670, 197 S.W.2d 647, 651 (Mo. banc 1946). Here, employer's answer did not raise an affirmative defense; however, the issue was raised explicitly by employer's counsel at the hearing. *See* 8 CSR 50–2.010(22). Both the ALJ and the Commission found claimant's decision to forgo surgery reasonable. Because there

is ample evidence in the record to support this finding, we find no bar to compensation.

█ Employer next asserts that because the treatment allowed by the commission was not recommended by employer's physician, the award cannot stand. For support, employer looks to § 287.140.9, RSMo 1986, which grants the employer the right to select the treating physician. We have no quarrel with this right but do not think it compels the conclusion employer seeks. Suppose in this case that employer's physician concluded that claimant's condition was untreatable, while claimant's expert concluded that a viable treatment existed. Would the Commission be bound to accept employer's physician's conclusion and deny medical compensation altogether? We think the answer clearly is no.

To support his argument that the Commission should not have awarded a particular treatment claimant cites *Bradshaw v. Brown Shoe Co.,* 660 S.W.2d 390 (Mo.App. 1983). In *Bradshaw* the employee was diagnosed as having a chonodromalacia of the right kneecap. An operation was unsuccessful, and her condition gradually became worse. She was required to wear a leg brace and orthopedic shoes. Her physicians testified that the pain prevented her from being on her feet for an extended period and that her condition would only worsen. On appeal, the employer argued that the Commission erred in making an indefinite future medical award in the absence of testimony from the physicians about a particular surgical procedure or therapy with which to treat the employee. Judge Prewitt, writing for the Southern District, affirmed the award, holding that evidence of a specific treatment was not a prerequisite to an award of future medical treatment. *Id.* at 394.

This case is unlike *Bradshaw.* Here, the two physicians who testified agreed that treatment was necessary but disagreed on the means. The employer's physician recommended surgery. Claimant's physician stated that claimant was not a candidate for surgery: "The surgery for a herniated disc to begin with is not a sure fire cure;

secondly, it's indicated only in a patient who as a result of a herniated disc has severe nerve root pain or nerve root dysfunction that does not respond to more conservative measures."

Thus, here, unlike in *Bradshaw,* the Commission was confronted with evidence of two specific treatment options. It awarded future medical treatment in a manner consistent with the testimony of claimant's physician. The award is therefore clearly supported by the evidence, and under the circumstances of this case, it can hardly be called unreasonable.

In his other point, claimant contends the Commission erred in denying temporary partial disability compensation. The denial is supported by the evidence and an extended discussion would serve no purpose.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.