Roger C. WEST, Claimant–Appellant,

v.

POSTEN CONSTRUCTION COMPANY and Insurance Company of North America, Employer and Insurer–Respondents.

No. 73199.

Supreme Court of Missouri,
En Banc.

March 5, 1991.

Russell C. Still, Columbia, for claimant-appellant.

William W. Francis, Jr., Springfield, for employer and insurer-respondents.

HIGGINS, Judge.

Claimant appeals the Commission's "Final Award Denying Compensation" based on findings that claimant was not Posten's "employee" under section 287.020, RSMo 1986; that claimant was a "statutory employee" under section 287.040.1, RSMo 1986; and that although claimant was Posten's statutory employee, Posten was exempt from worker's compensation liability as an "owner" under section 287.040.3, RSMo 1986. The Missouri Court of Appeals, Southern District, reversed the Commission's decision and this Court granted transfer because of conflict between decisions of the Southern and Eastern Districts. The question is whether one who is contemporaneously an owner and his own general contractor is liable to his independent contractor-statutory employee for workers' compensation benefits. This Court also reverses the Commission's decision and remands the cause for further proceedings.

This Court draws freely from the majority opinion of the Honorable George M. Flannigan, Chief Judge of the Southern District.

David Posten, d/b/a Posten Construction Company, is a general contractor for construction of new buildings and remodeling of existing buildings. Roger C. West is an independent plumber and electrician injured while doing work for Posten at a new house he was building in Richland, Missouri, for his personal home. Posten was using his usual construction crews and independent contractors, including claimant, to build his new home. Claimant's left eye was injured when struck by an allen key attached to a saw he was using.

Claimant contends that he was an "employee" of Posten under section 287.020; that if not such an employee he was a statutory employee of Posten under section

287.040; and that Posten was not entitled to an exemption as an owner under section 287.040.3 with respect to claimant as Posten's statutory employee.

This Court's review of fact questions considers the evidence in the light most favorable to the findings of the Commission. *Sellers v. Trans World Airlines, Inc.*, 752 S.W.2d 413, 415 (Mo.App.1988). Decisions of the Commission in workers' compensation proceedings that are clearly an interpretation or application of law, as distinguished from a determination of fact, are not binding upon this Court and fall within this Court's province of review and correction. *Merriman v. Ben Gutman Truck Service, Inc.*, 392 S.W.2d 292, 296–97 (Mo.1965).

The evidence shows Posten operated a general contracting business and hired claimant in 1987 to do the electrical and plumbing work on two houses, one in Waynesville and one in Richland. Other than one electrical job, claimant worked for nobody but Posten in 1987. Posten and claimant had no written agreement regarding claimant's compensation but understood that claimant charged $450.00 for a "straight house" with a basement, $500.00 if it did not have a basement, and more for a split level house. Posten supplied all the materials used in claimant's work. Claimant furnished his own tools, set his own work schedule, paid two assistants from his own earnings, and filed income tax returns as a self-employed person. Posten had other employees working on the homes who worked regularly scheduled hours and were paid hourly wages. Posten identified the Richland house as "my new home," stated that he intended to move into it upon its completion, and acknowledged that the work claimant performed was not outside the usual work of Posten and his regular employees.

Although evidence exists to support claimant's contention he was Posten's "employee" under section 287.020, *see Cline v. Carthage Crushed Limestone Co.*, 504 S.W.2d 102 (Mo.1973), and *Ceradsky v. Mid–America Dairymen, Inc.*, 583 S.W.2d 193 (Mo.App.1979), there is competent and substantial evidence to support the Commission's finding that claimant was an independent contractor.

The competent and substantial evidence also qualifies claimant as a statutory employee of Posten as found by the Commission. Section 287.040.1 provides that "[a]ny person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business." This Court has held that section 287.040.1 extends coverage of the Workers' Compensation Act to employers who have work done by contract in order "to prevent an employer from evading workmen's compensation liability by hiring independent contractors to perform the usual and ordinary work which his own employees would otherwise perform." *McGuire v. Tenneco, Inc.*, 756 S.W.2d 532, 534 (Mo. banc 1988), *quoting Miller v. Municipal Theatre Association of St. Louis*, 540 S.W.2d 899, 906 (Mo.App. 1976). The Commission properly found the three requisites necessary for finding claimant to be a statutory employee, as enunciated in *McGuire*, 756 S.W.2d at 534, to be present in this case: his work was being performed pursuant to a contract with Posten, which "includes those contracts which are express or implied, oral or written," *id.* at 535; his injury occurred on premises under Posten's exclusive control; and he was injured while performing work that was in the usual course of Posten's business.

The Commission's basis for denying compensation to claimant was its application of section 287.040.3, which provides that "[t]he provisions of this section shall not apply to the owner of premises upon which improvements are being erected ... by an independent contractor but such independent contractor shall be deemed to be the employer of the employees of his subcontractors and their subcontractors when em-

ployed on or about the premises where the principal contractor is doing work." The Commission, citing *Huff v. Union Electric Co.*, 598 S.W.2d 503 (Mo.App.1980), held that because Posten owned the premises upon which claimant, an independent contractor, was injured while erecting improvements, Posten was exempted from workers' compensation liability to claimant by section 287.040.3.

Claimant argues that section 287.040.3 does not protect Posten from liability because no evidence exists showing Posten owned the premises where claimant was injured. Posten, however, testified that the house was "my new home" and that he intended to move into it upon completion. Claimant's assertion that evidence of record title was required is misplaced because of his failure to challenge the evidence of Posten's ownership of the home at trial.

Although claimant does not challenge the Commission's application of section 287.040.3 to Posten on the specific ground that this section does not apply to the owner of premises who simultaneously acts as an independent contractor and the principal contractor, erecting improvements upon those premises, "[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 84.13. This Court chooses to review the Commission's application of section 287.040.3 to the facts of this case because the issue of application was litigated before the Commission and the Commission found it applicable in favor of the general contractor-owner and against the independent contractor-statutory employee.

■ Claimant installed the plumbing and electrical work during the course of Posten's "erecting" his "improvement"—his house in Richland. Posten concedes he served as "general contractor for himself" during the construction of the house. If Posten had chosen another contractor to build the house, Posten would have been exempted from workers' compensation lia-bility by section 287.040.3 because he would be only an owner of the premises instead of being both an "owner" and an "independent contractor" as contemplated by section 287.040.3. As stated in *Atlas Powder Co. v. Hanson*, 136 F.2d 444 (8th Cir.Mo.1943), section 287.040.3 applies "to a situation where a property owner procures an independent contractor to build him a house," and "[i]n such a situation there is a reason why one who is merely the owner of premises upon which he may in many cases not even enter should not be made an employer in any sense of the workmen on the job." *Id.* at 448. Posten did not procure an independent contractor to build his house; no reason exists not to allocate this loss to the principal contractor in this case who was erecting this improvement as a regular part of his construction business.

Section 287.040.3 recognizes two separate actors with different results attributed to each: the owner is exempted from liability, while the independent contractor, also serving as the "principal contractor" in this case, is held liable. Posten was both. Posten's liability as a statutory employer under section 287.040.1 may not evanesce behind the shield of section 287.040.3; the latter section was created to protect those who are "merely the owner." Posten cites *Anderson v. Steurer*, 391 S.W.2d 839 (Mo. 1965), for the proposition that "[t]he 'principal contractor' doing the work for the owner is an independent contractor, but an independent contractor need not be the 'principal contractor.'" *Id.* at 845. This Court agrees that when a construction job involves a succession of intermediate subcontractors, the two terms "independent contractor" and "principal contractor" as used in section 287.040.3 may not refer to the same contractor. Under the facts in this case, however, Posten played both these roles also.

As this Court noted in *Wolfgeher v. Wagner Cartage Service Inc.*, 646 S.W.2d 781 (Mo. banc 1983):

> The fundamental purpose of the Workers' Compensation Law is to place upon industry the losses sustained by employees resulting from injuries arising out of

and in the course of employment.... The law is to be broadly and liberally interpreted with a view to the public interest, and is intended to extend its benefits to the largest possible class.... Any doubt as to the right of an employee to compensation should be resolved in favor of the injured employee. (Citations omitted.)

The Workers' Compensation Act was established to regulate businesses, not individuals; Posten's interpretation of section 287.-040.3 cultivates the latter.

Posten's arguments place this Court's interpretation of section 287.040.3 in conflict with *Bobbitt v. Ehlers*, 131 S.W.2d 900 (Mo.App.1939). *Bobbitt* has been criticized, *see* Carroll, *The Status of an Independent Contractor Under the Missouri Workmen's Compensation Law*, 26 Mo.L.Rev. 269, 276 (1961), and its application of section 287.040.3 has been replaced by a construction of that section that does not defeat the general intent and purpose of the Workers' Compensation Act declared in the provisions defining "employer" and that reads consistently with those provisions. *See Atlas*, 136 F.2d at 448. To the extent *Bobbitt* may be inconsistent with this opinion, it should no longer be followed. Posten's citation of *Martin v. Mid–America Farm Lines, Inc.*, 769 S.W.2d 105 (Mo. banc 1989), for the proposition that "those who believe a statute should be changed should 'make their case before the general assembly'" is misguided because *Martin* dealt with a statute that had been uniformly applied over the years, while judicial application of section 287.040.3 has varied. Posten's reliance on *Murphy v. Kingsland Investment Company*, 400 S.W.2d 69 (Mo. 1966), also fails because the owner of the premises in that case was not doubling as an independent contractor, erecting improvements on his own premises.

Because the Commission denied the claim, it did not determine the amount of benefits to which claimant is entitled. The decision is reversed and the cause is remanded to the Commission for further proceedings consistent with this opinion. *See Simpson v. New Madrid Stave Co.*, 52 S.W.2d 615, 616 (Mo.App.1932).

BLACKMAR, C.J., ROBERTSON, RENDLEN, COVINGTON, and HOLSTEIN, JJ., and GAITAN, Special Judge, concur.

BILLINGS, J., not sitting.