Allen MAYS and Sandra Mays, Appellants,

v.

PENZEL CONSTRUCTION COMPANY, Respondent.

No. 60010.

Missouri Court of Appeals, Eastern District, Southern Division.

May 12, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1992.

Application to Transfer Denied Oct. 27, 1992.

Richard L. Hughes, St. Louis, for appellants.

John P. Bradshaw, Cape Girardeau, for respondent.

CRIST, Judge.

Plaintiffs, an ironworker and his wife, appeal the trial court's grant of Defendant's motion to vacate the jury's judgment in a suit to recover damages for personal injuries. The trial court granted the motion on the ground Defendant was immune from civil suit by reason of coverage under the Workers' Compensation Law. We affirm.

Plaintiff Allen Mays was an ironworker with approximately fifteen years' experience. He was hired by Lasley Construction Company in the fall of 1982 to hang sheet metal walls on a warehouse building being constructed by Penzel Construction Company (Defendant). Defendant is a gen-

eral contractor of highway and building projects. Defendant was acting as general contractor for the construction of this building, which was being built on land on which Defendant held a 20–year lease.

Plaintiff Allen Mays was injured when the scaffolding on which he was working was pulled over. The scaffolding had been supported in part by a rope tied to the top of the scaffolding and to a parked pickup truck. The truck was driven away without the rope being untied. Plaintiff was approximately 35 to 40 feet in the air when the scaffolding was pulled over. He suffered severe injuries.

Plaintiff brought suit against Defendant on the grounds that the scaffolding was inherently dangerous. On January 12, 1989, a jury rendered a verdict in favor of Defendant. This court reversed the jury's judgment for Defendant and remanded for a new trial. *See Mays v. Penzel Construction*, 801 S.W.2d 350 (Mo.App.1990).

The case was retried in February 1991. Prior to trial, Defendant asserted the Workers' Compensation Act as a bar to the suit in its Answer and Motion to Dismiss or Motion for Summary Judgment. The motions were denied by the trial court. *See Schneider v. Union Elec. Co.*, 805 S.W.2d 222, 224[1] (Mo.App.1991). At trial, Plaintiffs submitted alternative verdict directing instructions. The first instruction allowed the jury to find against Defendant if Defendant was vicariously liable by reason of the inherent danger of the work. The second allowed the jury to find against Defendant based on Defendant's primary negligence in failing to act to prevent the accident. On February 21, 1991, the jury found for Plaintiff Allen Mays in the amount of $344,500 and Plaintiff Sandra Mays in the amount of $19,000. These amounts were reduced by the court by 37 percent, based on the jury's finding of Plaintiff Allen Mays' comparative fault.

■ Plaintiffs filed several post-trial motions, including a motion for new trial on the issue of damages only. Defendant filed a motion to vacate the judgment on the ground the Workers' Compensation Law, Chapter 287 RSMo, barred the suit. The trial court denied Plaintiffs' motion for

new trial, but granted Defendant's motion to vacate on the ground Plaintiff was a statutory employee of Defendant under § 287.040. Defendant's motion to vacate the judgment was granted 34 days after the verdict. The motion must be considered a motion to dismiss for lack of subject matter jurisdiction. *Parmer v. Bean*, 636 S.W.2d 691 (Mo.App.1982); *Tumbas v. J.L. Mason Group, Inc.*, 809 S.W.2d 188 (Mo. App.1991).

■ On appeal, Plaintiffs assert a number of reasons why the trial court erred in finding Defendant a statutory employer. First they argue that § 287.040 does not apply because Plaintiff's employer, Lasley Construction, was insured under the Workers' Compensation Law. Section 287.040.4 provides in part:

> No such [remote] employer shall be liable as in this section provided if the employee was insured by his immediate or any intermediate employer.

Plaintiffs interpret this to mean that because Allen Mays' immediate employer, Lasley Construction, carried Workers' Compensation insurance, then Defendant cannot be a statutory employer.

This issue was addressed by the Missouri Supreme Court in *Bunner v. Patti*, 343 Mo. 274, 121 S.W.2d 153 (1938). The court stated:

> [T]he last sentence of subsection (d)— stressed by respondent—then adds that no remote employer shall be *liable* as in the section provided if the injured employee was insured by his immediate or any intermediate employer. However, it does not say he shall no longer be *deemed* an employer, and that he shall be considered as outside the protection of the Act.... There is no disclosure of any legislative intent to outcast a remote employer because he avails himself of a condition contained in the subsection, by requiring his subcontractors to carry liability insurance.

*Id.* 121 S.W.2d at 156[5]. *Bunner* has been repeatedly reaffirmed. *See Bailey v. Morrison–Knudsen Co.*, 411 S.W.2d 178 (Mo. 1967). Point denied.

■ Plaintiffs next proffer that Defendant waived the issue of whether it was a

statutory employer by failing to submit it to the jury. The determination of "statutory employer" was an issue for the trial court. *Asberry v. Bannes–Shaughnessy, Inc.*, 734 S.W.2d 250, 252[3] (Mo.App.1987); *Parmer v. Bean*, 636 S.W.2d 691, 694[6] (Mo.App.1982). *See also Zahn v. Associated Dry Goods Corp.*, 655 S.W.2d 769, 772[1–6] (Mo.App.1983).

Further, the trial court's determination that Defendant was a statutory employer was correct. Section 287.040.1 provides:

> [a]ny person who has work done under contract on or about his premises which is an operation of the usual business which he then carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his sub-contractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

Thus, to be a statutory employer, three elements must be present. First, the work must be performed pursuant to a contract; second, the injury must occur on or about the statutory employer's premises; and third, the work must be in the usual course of business of the statutory employer. *Tumbas*, 809 S.W.2d at 190.

The trial court properly found these three requisites present in this case. The first two elements are not at issue in the present case. However, Plaintiff disputes the trial court's finding that the ironwork was work performed in the usual course of Defendant's business. Defendant was a general contractor of large, commercial building projects. It had, in the past, employed its own ironworkers, including Allen Mays, for similar erection of sheet metal walls in its construction projects. At the time of the injury, Allen Mays was erecting sheet metal walls. His work was done in furtherance of the usual business of Defendant on this particular warehouse, of which Defendant was owner and general contractor. *See West v. Posten Constr. Co.*, 804 S.W.2d 743 (Mo. banc 1991). In *West*, the court looked at a similar fact situation and found that the Labor and Industrial Relations Commission had properly held the

general contractor/owner to be the statutory employer of a plumber/electrician. *Id.* at 744. Also *see Tumbas v. J.L. Mason Group, Inc.*, 809 S.W.2d 188, 190[5] (Mo.App.1991).

Finally, Plaintiffs argue that a recent Missouri Supreme Court case, *Zueck v. Oppenheimer Gateway Properties*, 809 S.W.2d 384 (Mo. banc 1991), does not apply to their situation. In that case, the Supreme Court held that the rule allowing civil suit against the owner where inherently dangerous working conditions existed is no longer appropriate where Workers' Compensation insurance covers the injury. Because we find that Plaintiff was a statutory employee of Defendant at the time he was injured, his only remedy is the Workers' Compensation Act. Accordingly, we need not concern ourselves with the applicability of *Zueck* and other points relied upon by the parties.

Judgment affirmed.

CARL R. GAERTNER, C.J., and REINHARD, J., concur.