Nathaniel THOMAS, Respondent,

v.

Ernest HALBERT, Appellant.

No. 64666.

Missouri Court of Appeals,
Eastern District,
Division One.

May 3, 1994.

Daniel J. Harlan, St. Louis, for appellant.

Nile D. Griffiths, St. Louis, for respondent.

CRIST, Judge.

Ernest Halbert appeals the determination of the Labor and Industrial Relations Commission (Commission) finding he was Nathaniel Thomas's statutory employer under § 287.040, RSMo 1986, and awarding Thomas workers' compensation benefits. We reverse.

Halbert owned an automobile repair shop located at 2631 Delmar. He contracted with Thomas, an experienced brick contractor, to construct a concrete block addition to the repair shop, which was to be used as a car wash. Thomas agreed to do the job for $18 per hour. Thomas supplied his own tools for the job, but Halbert provided the materials as Thomas requested them. Halbert was present at the construction site almost daily, but he did not give Thomas instructions on how to lay the bricks for the car wash. In fact, Halbert had no experience in bricklaying, roofing, electrical work or any other type of construction work.

Thomas was injured while working at the car wash construction site on September 24, 1986. He fell through the roof of the car wash, which was about 14 feet high and landed on a concrete floor. He broke his left ankle and his left wrist.

The parties stipulated to the extent of Thomas's injuries and to the amounts of medical expenses and disability compensation to which he was entitled. The only issue is whether Thomas was a statutory employee of Halbert at the time he was injured.

The Commission found Thomas was working as Halbert's statutory employee on the day of the injury. As stipulated, the Commission awarded Thomas $592.02 for temporary total disability, $13,829.65 for permanent partial disability, and medical expenses of $8,952.32.

On appeal, Halbert asserts the Commission erred in finding he was Thomas's statutory employer under § 287.040.1, because the construction of buildings is not within his usual course of business.

■ The Commission's decision will not be disturbed unless it is unsupported by competent and substantial evidence in the record. Section 287.495(4), RSMo 1986; *Gudde v. Heiman Grain, Inc.*, 830 S.W.2d 574, 576[2] (Mo.App.1992).

Section 287.040.1 states:

Any person who has work done under contract on or about his premises which is an operation of the usual business he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractor, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

Therefore, Halbert will be considered the statutory employer of Thomas only if three requirements are met: (1) Thomas performed the work under a contract, (2) his injury occurred on premises under Halbert's exclusive control, and (3) his injury occurred while he was performing work within Halbert's usual course of business. *Mooney v. Missouri Athletic Club*, 859 S.W.2d 772, 774[3] (Mo.App.1993).

■ Halbert argues Thomas failed to meet requirement (3) because his injury did not occur while he was performing work within Halbert's usual course of business. This case is controlled by *Scott v. Edwards Transportation Co.*, 807 S.W.2d 75 (Mo. banc 1991). In this case, the Missouri Supreme Court held the construction of a building on a trucking company's premises was not within the trucking company's usual course of business. The Supreme Court in *Scott* stated, in order for work to be performed within a landowner's usual course of business, it must include some duty or activity routinely performed in the operation of the owner's business, not acts merely incidental or ancillary to the business. *Id.* at 78[2].

Thomas argues the holdings in *Mays v. Penzel Construction Co.*, 838 S.W.2d 1, 3[5] (Mo.App.1992), and *West v. Posten Construction Co.*, 804 S.W.2d 743 (Mo. banc 1991), mandate a contrary result. Yet, each is factually distinguishable. Both the *Mays* and *West* cases involved construction projects by

landowners who were also acting in their professional capacity as general contractors.

In *Mays,* this court found the "usual course of business" requirement was met where the owner of the premises, who was also a general contractor by trade, acted as the general contractor during the construction of a warehouse on his own land. *Mays,* 838 S.W.2d at 3[5]. The court found construction of a warehouse to be within the alleged statutory employer's usual business. *Id.*

In *West,* David Posten, d/b/a Posten Construction Co., hired West to do some electrical work on the home he was building for his personal use. *West,* 804 S.W.2d at 743. West was injured while working on the home and filed for workers' compensation benefits. The Commission found Posten was exempted from workers' compensation liability under § 287.040.3, which states:

> The provisions of this section shall not apply to the owner of premises upon which improvements are being erected, demolished, altered, or repaired by an independent contractor but such independent contractor shall be deemed to be the employer of the employees of his subcontractor and their subcontractors when employed on or about the premises where the principal contractor is doing work.

On appeal, the Missouri Supreme Court reversed the Commission's decision, holding Posten was not exempt from liability under this section because he was acting in a dual capacity as both the landowner and the general contractor. *Id.* at 745[3].

Based on these cases, the Commission found Halbert was Thomas's statutory employer because Halbert was acting as both landowner and general contractor in the car wash construction project. Yet, Halbert is not a general contractor by trade like the alleged statutory employers in *Mays* and *West.* Rather, he is the owner of an auto repair business and several other businesses. In *West,* the Missouri Supreme Court found Posten was erecting the house on his land "as a regular part of his construction business." *Id.* The construction of the addition to the auto repair shop was not a regular part of Halbert's business, nor did it involve work routinely done by Halbert's employees.

We find the Commission's decision finding Halbert was Thomas's statutory employer is unsupported by competent and substantial evidence. *Gudde,* 830 S.W.2d at 576[2]. The work Thomas performed was not within Halbert's usual course of business. Further, the holdings in *Mays* and *West* do not mandate a contrary result as Halbert is not a general contractor by trade.

Judgment reversed.

CRANDALL, P.J., and REINHARD, J., concur.