**Christopher STAWIZYNSKI,**
**Claimant/Respondent,**

v.

**J.S. ALBERICI CONSTRUCTION CO., Employer/Appellant.**

No. 69822.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 19, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 8, 1997.

John Geiss, St. Louis, for employer/appellant.

Padberg, McSweeney, Slater & Merz, James P. Leonard, Devereaux, Stokes & Nolan, Richard Galosy, St. Louis, for claimant/respondent.

PUDLOWSKI, Judge.

Christopher Stawizynski (claimant) fell two stories while working for J.S. Alberici (employer). The employer was insured by Aetna Casualty & Surety (insurer). Claimant suffered both physical and psychological injuries in the accident. The Labor and Industrial Relations Commission (Commission) determined the psychological injuries totally and permanently disabled claimant. Employer appeals, arguing there is no substantial evidence to support the award. Because we find competent evidence to support the Commission's decision that claimant is totally and permanently disabled and because we cannot say this evidence is contrary to the overwhelming weight of the evidence, we affirm that part of the award finding claimant to be totally and permanently disabled.

Following the accident, employer sent claimant to its doctor for a psychological evaluation. Employer's doctor found claimant not to be totally and permanently disabled. Claimant decided to see his own doctor who opined the psychological injuries totally disabled him. The Commission agreed with claimant's doctor and ordered employer to pay claimant's medical bills. Employer appeals, arguing Missouri law allows employer to select the treating doctor. Because there is no evidence to support a reasonable belief that the employer's doctor's method of treatment endangered claimant, we reverse that part of the Commission's award requiring employer to pay claimant's medical bills.

## I. Background

In reviewing the facts, we do so in the light most favorable to the Commission's decision. *West v. Posten Constr. Co.*, 804 S.W.2d 743;

744 (Mo. banc 1991). In December 1989 claimant fell two stories to a concrete floor while working for employer. Claimant suffered extensive physical injuries. Soon thereafter claimant filed a claim for compensation. Over the next several years, claimant had several operations for his extensive injuries. As a result of the injuries, claimant suffers continuous pain and is limited in his physical activities.

Immediately after the fall, claimant began to experience psychological problems related to the accident, including nightmares. In July 1991 claimant told his treating physician, Dr. Hulsey, of his recurring nightmares. Dr. Hulsey recommended claimant receive a psychiatric evaluation by Dr. Wayne Stillings. The employer agreed. At the suggestion of his attorney, claimant saw another psychiatrist—Dr. Edwin Wolfgram—before seeing Dr. Stillings. After examining claimant, Dr. Wolfgram diagnosed him as suffering from somatoform pain disorder and major depression. Dr. Wolfgram concluded claimant was totally and permanently disabled.

Claimant then went to Dr. Stillings, a doctor retained by the employer and its insurance company. Dr. Stillings concluded claimant was not totally and permanently disabled and planned a course of therapy designed to get claimant back to work. He did admit, however, some form of psychiatric intervention was necessary to help claimant. Claimant would later complain to the administrative law judge (ALJ) of his lack of rapport with Dr. Stillings, describing how the doctor did not allow him to fully answer questions and how he made it appear as though he thought claimant was exaggerating his injuries. Dr. Stillings suggested claimant see Paul Kling, a psychologist, but claimant refused to see Kling and instead continued treatment with Dr. Wolfgram.

In December 1991 James England, a rehabilitation counselor, saw and evaluated claimant. Mr. England opined claimant could not compete in the open labor market and would not be of interest to the reasonable employer because of his psychological injuries. England also concluded that even with extensive vocational rehabilitation and psychiatric or psychological counseling, claimant would not be employable.

On October 2, 1991, temporary total disability (TTD) benefits were stopped after Dr. Hulsey concluded claimant had reached maximum medical improvement from his orthopedic injuries. A total of 92 weeks of TTD had been paid, along with medical benefits for claimant's orthopedic injuries.

In August 1992 the ALJ awarded claimant just over 212 weeks of permanent partial disability (PPD) for his orthopedic injuries to his back and lower extremities. The ALJ recognized claimant needed psychiatric treatment and, based upon claimant's lack of rapport with Dr. Stillings, ordered appropriate psychiatric or psychological treatment from a different mental health provider than Dr. Stillings. The health provider was to be selected by the employer. The ALJ also denied further TTD benefits, finding claimant's refusal to submit to psychiatric services provided by the employer was unreasonable.

On appeal, the Commission reversed the ALJ's denial of further TTD benefits and reversed the ALJ's exclusion of Dr. Stillings as a possible mental health care provider. The Commission found a doctor selected by the employer could only be excluded if the proposed provider would harm or injure claimant or endanger claimant's recovery. Because there had been no such finding, the Commission held the ALJ erred in excluding Dr. Stillings. It then remanded the case back to the ALJ to determine any permanent disability associated with claimant's psychiatric problems and to receive evidence of any unpaid TTD benefits due claimant.

On remand, additional evidence concerning the permanency of claimant's psychiatric disability was presented. Dr. Stillings examined claimant a second time and opined: 1) claimant suffered from a depression disorder; 2) he could return to work in a job not requiring extensive reading skills; and 3) a return to work would be therapeutic to the claimant. Claimant testified about his mental condition and his lack of rapport with Dr. Stillings. A second report from Dr. Wolfgram about claimant's mental condition was entered into evidence finding claimant was

still totally disabled and in need of psychiatric care. Dr. Wolfgram also opined it was unreasonable to require claimant to treat with Dr. Stillings given the nature of their relationship.

Claimant also offered the testimony of Dr. Glenn White, who had examined claimant's file and opined claimant was totally and permanently disabled.

The Commission found claimant permanently and totally disabled as a result of his work-related accident. The Commission found the claimant's bills from Dr. Wolfgram were reasonable and incurred as a result of his psychiatric injury resulting from the accident. The employer was ordered to pay Dr. Wolfgram's bills. The Commission also ordered the employer to provide future medical treatment for claimant's psychological injuries. The Commission then affirmed the remainder of its previous award which was unaffected by its present order. From this decision, the employer appeals.

On appeal, the employer has raised essentially three points: 1) the claimant's refusal of treatment with Dr. Stillings was unreasonable and, as such, claimant is not entitled to compensation; 2) the Commission's decision that claimant is totally and permanently disabled is not supported by substantial and competent evidence; and 3) the Commission's decision requiring employer to pay for claimant's medical expenses with Dr. Wolfgram is contrary to law. We will address each of these in turn.

## II. Standard of Review

■■■ Because employer does not challenge the Commission's findings concerning claimant's physical injuries, we limit our review to the issues concerning his psychological injuries. Before addressing the issues brought on appeal, it is important to examine the guidelines which govern this court in reviewing a decision from the Commission. While we review questions of law *de novo*, we review facts in the light most favorable to the Commission's findings. *Id.* In reviewing determinations by the Commission, we are guided by *Davis v. Research Medical Center*, 903 S.W.2d 557 (Mo.App. W.D.1995):

In cases decided subsequent to the adoption of what is now Article V, § 18 of the

Missouri constitution, the appellate courts of this state, led by our Supreme Court, have adopted and applied a two-step review process designed to determine whether the Commission could have reasonably made its findings and award upon consideration of *all* the evidence before it. First, the reviewing court examines the records, together with all reasonable inferences to be drawn from the evidence therein, in the light most favorable to the findings and award of the Commission to determine whether they are supported by competent and substantial evidence. If so, the reviewing court must then determine whether the Commission's findings and award, even though supported by some competent substantial evidence, were nevertheless clearly contrary to the overwhelming weight of the evidence contained in the whole records before the Commission. [Cites omitted]. In other words, the factual findings and resulting award of the Commission should be set aside on appeal if they are not supported by competent and substantial evidence *or,* even if supported by such evidence, if they are clearly contrary to the overwhelming weight of the evidence. Otherwise, the Commission's award is to be affirmed.

*Davis,* 903 S.W.2d at 565. [emphasis in original]. This court can disturb the Commission's decision only if there is no competent and substantial evidence to support the Commission's award or, in the alternative, such evidence is clearly contrary to the overwhelming weight of the evidence. If this does not exist, we must affirm. In reviewing the decision, we must examine the entire record, liberally construing all provisions of the Workers' Compensation Act to resolve all doubts in favor of the employee. § 287.800 RSMo; *Fischer v. Archdiocese of St. Louis–Cardinal Ritter Institute,* 793 S.W.2d 195 (Mo.App. E.D.1990).

## III. Employer's Issues on Appeal

A. Whether the Commission erred in finding employee to be totally and permanently disabled.

Employer's first point on appeal is a combination of two points. Although we recog-

nize the point is not well drafted, we will nonetheless address each of the two issues contained in its first point. In the first part of its first point on appeal, employer argues the Commission's decision that claimant is totally and permanently disabled is not supported by substantial and competent evidence. In the second part of its first point on appeal, the employer argues claimant has been unreasonable in his refusal of certain treatments and is not entitled to compensation because of this unreasonableness. We address the latter issue first.

1. *Whether the Commission erred in deciding the employer failed to prove claimant was unreasonable in his refusal of treatment.*

■ A claimant who is unreasonable in his treatment program is excluded from receiving compensation. Such exclusion is specifically spelled out in § 287.140(5), which provides no compensation will be payable if such disability is "... caused, continued or aggravated by any unreasonable refusal to submit to any medical or surgical treatment or operation the risk of which is, in the opinion of the division or commission, inconsiderable in view of the seriousness of the injury." Because claimant is unreasonable in his treatment procedure, employer argues, he is not entitled to compensation.

■ Employer admits it has the burden to prove the claimant is acting unreasonable, as this is an affirmative defense. *Jacobs v. Ryder System/Complete Auto Transit,* 789 S.W.2d 233 (Mo.App.1990). We note whether a claimant's refusal of treatment is unreasonable is an issue of fact, *Berry v. Moorman Mfg. Co.,* 675 S.W.2d 131 (Mo.App.1984), and we must review all determinations of fact in the light most favorable to the Commission's findings. *West v. Posten Constr. Co.,* 804 S.W.2d 743, 744 (Mo. banc 1991).

The Commission's final award of compensation, dated December 1995, adopted its earlier award finding that employer had failed to prove claimant was unreasonable. The issue before us, then, is whether there is substantial and competent evidence to support the Commission's decision that employer failed to prove claimant was unreasonable. We find such evidence exists and is not contrary to the overwhelming weight of the evidence.

Upon examining the entire record, we found no doctor testifying claimant's refusal of treatment was unreasonable. In fact, a genuine issue existed as to whether Dr. Stilling's method of treatment was even proper. Dr. Wolfgram testified Dr. Stillings' treatment would be contraindicated and unreasonable. Substantial and competent evidence exists to support the Commission's determination that employer failed to prove its claim.

■ We now consider whether such evidence is contrary to the overwhelming weight of the evidence. This we cannot say. Dr. White joined Dr. Wolfgram's opinion that Dr. Stillings' method was unreasonable and contraindicated. Where there were medical opinions that questioned the soundness of the treatment purposed by Dr. Stillings, it cannot be said that to undergo such treatment would be an inconsiderable risk. Simply because a claimant does not follow a more aggressive form of treatment is not enough to deem claimant's actions unreasonable. *Jacobs v. Ryder System/ Complete Auto Transit,* 789 S.W.2d 233 (Mo.App.1990). Employer presented no evidence to support its claim that claimant was unreasonable. In failing to do so, it failed to meet its burden of proof.

■ We find, therefore, substantial and competent evidence to support the Commission's decision that the employer failed to prove claimant was unreasonable in his refusal of treatment.

2. *Whether the Commission's decision that claimant is permanently and totally disabled is supported by substantial and competent evidence.*

In the first part of its first point on appeal, employer argues the evidence does not support the Commission's determination claimant is totally and permanently disabled. Based upon the evidence presented we disagree.

■ We find substantial and competent evidence to support the Commission's decision that claimant is totally and permanently

disabled. Dr. Wolfgram testified to this very diagnosis. Furthermore, such evidence is not contrary to the overwhelming weight of the evidence. Dr. White testified claimant was permanently and totally disabled. James England testified claimant could not function in the open labor market. Even the Commission's Christian Wrigley, who in his separate concurrence expressed his personal belief of the unlikelihood of an individual becoming totally and permanently disabled from a psychological standpoint after a fall, admitted the weight of the evidence supported a finding of total and permanent disability. While we recognize employer presented evidence to the contrary, we cannot say the Commission's decision is contrary to the overwhelming weight of the evidence. As such, we must affirm the Commission's decision. *Davis,* 903 S.W.2d at 565.

Point one, in whole, is denied.

B. *Whether the Commission erred in determining there were reasonable grounds to believe claimant's health or recovery was endangered by treating with Dr. Stillings.*

In its second point on appeal, employer argues the Commission erred in requiring it to pay Dr. Wolfgram's bill. Employer argues the employer is entitled to select the treating physician under Missouri law. According to the statute, the employee may select his own physician, but he does so at his own expense:

> 1. In addition to all other compensation, the employee shall receive and the employer shall provide such medical ... as may reasonably be required after the injury or disability, to cure and relieve from the effects of the injury. If the employee desires, he shall have the right to select his own physician, surgeon, or other such requirement at his own expense.

§ 287.140(1) RSMo. In response, claimant argues the employee is entitled to select his own physician at the employer's expense where the treatment suggested by the employer endangers the employee's health or recovery. In support of his argument claimant points to § 287.140(2):

> 2. If it be shown to the division or the commission that the requirements are be-

ing furnished in such manner that there is reasonable ground for believing that the life, health, or recovery of the employee is endangered thereby, the division or the commission may order a change in the physician, surgeon or other requirement.

§ 287.140(2) RSMo.

When the Commission ordered employer to pay for Dr. Wolfgram's psychiatric expenses, the only way it could was if it found reasonable grounds for believing the health or recovery of the employee was endangered by treatment with Dr. Stillings. A legitimate inference from the decision is that the Commission found such grounds. The issue before this court, then, is whether there is substantial and competent evidence to support the Commission's decision that reasonable grounds existed to believe the health or recovery of claimant was endangered by Dr. Stillings' method of treatment. *Herring v. Yellow Freight System, Inc.,* 914 S.W.2d 816 (Mo.App. W.D.1996). We do not believe such evidence exists.

Dr. Stillings testified his method of treatment would not be harmful to claimant's health, life or recovery. In fact, the method of treatment he proposed was intended to help claimant recover. The ALJ, in his original award, noted the method of treatment proposed by Dr. Stillings was not unreasonable and did not endanger claimant's health, life or recovery. In excluding Dr. Stillings as a possible treating physician, the ALJ noted the lack of rapport between the claimant and the doctor. In reversing the ALJ, the Commission specifically noted Dr. Stillings could not be excluded as a treating physician simply because a lack of rapport existed between the doctor and claimant. When the Commission remanded the case to the ALJ, the issue of whether Dr. Stillings was an appropriate treating mental health provider was not at issue. As a result claimant was entitled to continue to treat with Dr. Wolfgram, but he did so at his own expense. § 287.140(1) RSMo. Therefore, the Commission later erred when it ordered employer to pay Dr. Wolfgram's medical bills.

Point two is granted. We reverse that part of the Commission's award ordering em-

ployee to pay Dr. Wolfgram's bills. The Commission's award, except as it is reversed, is affirmed.

CRANE, P.J., and GERALD M. SMITH, J., concur.