Curt SUMMERS, Claimant–Appellant,

v.

HARBOR PERFORMANCE CORP., a/k/a Great Rivers Corp., d/b/a U.S. High Div. Team, and 6 Flags Over Mid Am., Employer–Respondent.

No. 54205.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 16, 1988.

Harry J. Nichols, St. Louis, for claimant-appellant.

Francis E. Pennington, Clayton, for Harbor Perf. Corp.

John Fleming, St. Louis, for Six Flags Over Mid. Am.

REINHARD, Judge.

Claimant appeals from an order of the Labor and Industrial Relations Commission (Commission) affirming the denial of his claim. We affirm.

In finding for the employer, the administrative law judge determined that "claimant failed to sustain his burden of proving by a preponderance of credible evidence: ... that he sustained injury to his left wrist as a result of an accident arising out of or in the course of his employment on July 16, 1982; or that he gave timely notice to the employer of any such accidental injury."

In affirming the administrative law judge's decision, the Commission concluded "that notice of the alleged injury within thirty days of the accident as required by § 287.420, RSMo, was not provided to the employer insurer in this case." The Commission found and held that the claimant, Curt Summers,

> deliberately failed to notify the employer-insurer of his injury because he did not want to jeopardize his continued employment as a stunt diver in the employer's water show. The claimant's failure to provide notice of his injury denied the employer insurer an opportunity to investigate the circumstances surrounding the accident and to provide medical treatment to minimize the claimant's injury. Accordingly, the claim for compensation filed in this case must be denied ... [because] claimant failed without good

cause to provide timely notice of his injury to the employer-insurer as required by § 287.420 of the Missouri [Workers'] Compensation Law.[1]

Claimant's principal point on appeal challenges the weight given to his testimony by the Commission and the Commission's determination that he did not comply with the notice requirements of § 287.420, RSMo 1986. The record reveals that claimant worked for Harbor Performance Corporation as a professional stunt diver. During the summer of 1982, his troupe performed five shows per day at Six Flags Over Mid–America. Each show consisted of a variety of stunt and comedy dives performed by Summers and several other divers. The dives were launched from either a three meter springboard or a ladder which was fitted with platforms up to 70 feet high. The pool in which the divers landed was circular and ranged in depth from 9 feet at the edges to 9 feet 6 inches at the center.

Summers's claim arises from an accident which he testified occurred on July 16, 1982, while he was performing at Six Flags. He said he hit a dive "short" and struck his wrist against the bottom of the pool. He said that he experienced pain in his left wrist and that the pain continued. Claimant said he knew that he had injured his wrist and that he did not go to a doctor because, as he testified, "it was my livelihood to dive, I was making good money and I wanted to continue."

Summers claimed that he notified both Craig Lindell, the show manager, and Jim Rightly, the show producer and director, immediately after his wrist injury occurred. According to Summers, Rightly offered him the opportunity to see a doctor but he declined. He continued to dive in the show for approximately three months following the alleged date of the accident. After the season at Six Flags ended, he went to California where he participated in a high diving contest in the fall of 1982.

He ultimately went to a doctor and had an operation on the wrist, however, he did not seek medical attention until seven months after the alleged date of the injury. He further testified that he had *previously* injured his left wrist. He testified that he had lost his balance and fell on his left wrist while performing back flips in his own back yard. He stated he experienced residual soreness in his wrist. He further testified that the pain from his diving accident felt sharper than the pain he experienced from his back flip injury.

When reviewing a decision of the Commission, we determine whether the decision is supported by competent and substantial evidence on the record as a whole. *Ford v. Bi–State Development Agency*, 677 S.W.2d 899, 901 (Mo.App.1984). Furthermore, we "[defer] to the Industrial Commission when it resolves issues concerning the credibility and weight to be given to conflicting evidence." *Id. quoting Gold v. Sharp, Kidde, Webb*, 564 S.W.2d 612, 614–15 (Mo.App. 1978). The Commission may choose to disbelieve the testimony of a witness even though no contradictory or impeaching testimony appears. *Fowler v. Monarch Plastics*, 684 S.W.2d 429, 430 (Mo.App.1984). Additionally, the rule that the Workers' Compensation Law should be construed liberally does not apply to the Commission's weighing of evidence or its determinations concerning the credibility of witnesses. *Moscicki v. Am. Foundry Mfg. Co.*, 103 S.W.2d 491, 494 (Mo.App.1937). Finally, we note that the issue of whether a claimant has provided his employer with actual notice of a compensable injury is a question of fact to be determined by the Commission. *Id.*

---

1. Section 287.420, of the Missouri Workers' Compensation Law provides:

    No proceedings for compensation under this chapter shall be maintained unless written notice of the time, place and nature of the injury, and the name and address of the person injured, have been given to the employer as soon as practicable after the happening thereof but not later than thirty days after the accident, unless the division or the commission finds that there was good cause for failure to give the notice, or that the employer was not prejudiced by failure to receive the notice. No defect or inaccuracy in the notice shall invalidate it unless the commission finds that the employer was in fact misled and prejudiced thereby.
    § 287.420, RSMo 1986.

We believe that the Commission's determination that claimant failed to comply with the mandate of the statute is supported by competent and substantial evidence. Claimant's theory of compliance is based upon the actual notice exception of § 287.420; he claims to have told both Rightly and Lindell immediately. This factual issue was decided by the Commission against claimant. Therefore, we cannot disturb it based upon the record before us.

Claimant alternatively argues that he should be excepted from the thirty day notice provision of § 287.420 because his failure to notify his employer was "for good cause." In support of his contention, he cites the case of *Reeves v. Fraser–Brace Engineering Co.*, 172 S.W.2d 274 (Mo.App. 1943). In *Reeves,* the claim arose when an employee stepped on a nail. Two weeks later the employee died of tetanus. The court held that there was no duty to report this latent seemingly innocuous injury. One of the two bases for the holding in *Reeves* was that if a workman suffers a trivial accident and honestly believes that nothing serious has happened to him, good cause for failure to give notice exists under the statute. *Id.* at 279.

Here, claimant's testimony indicates he *knew* he had an injury but did not seek medical attention for fear that he would no longer be able to work. Claimant testified that his wrist continued to hurt and that he continued to jam his wrist against the bottom of the pool. Moreover, in his deposition, claimant answered affirmatively when asked if he believed that he had suffered a permanent disability. Claimant additionally admitted he could hardly operate the hand clutch on his motorcycle because of his injured wrist, and that pulling up his pants and sticking his hand in his pocket hurt his wrist. Thus, because the evidence shows that claimant knew he suffered a serious injury claimant cannot use the logic of *Reeves* to establish "good cause" for failure to notify his employer within thirty days as required by § 287.420.

Additionally, claimant failed in his burden of proof on the issue of lack of prejudice to the employer. The Commission found that claimant's failure to notify his employer deprived the employer of the opportunity to investigate the circumstances surrounding the accident and to provide prompt medical treatment so as to minimize claimant's injury, and this is supported by the record.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.