**Lisa Ann ELGERSMA, Claimant,**

v.

**DePAUL HEALTH CENTER,**
**Respondent.**

**No. 60728.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 3, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 1, 1992.

Application to Transfer Denied
June 2, 1992.

Dolgin, Beilenson, Klein, Denlow & Nodiff, Jerry A. Klein, Clayton, for claimant.

Frank J. Lahey, Jr., St. Louis, for respondent.

KAROHL, Judge.

Claimant, Lisa Ann Elgersma, appeals from an order of the Labor and Industrial Relations Commission (Commission) affirming a decision of the Administrative Law Judge (ALJ) which denied claimant an award on her claim for worker's compensation because she failed to give notice of injury and the happening thereof within thirty days after accident as required by § 287.420 RSMo 1986. She filed a claim based on a condition attributable to carpal tunnel syndrome, an occupational disease. We reverse and remand.

Since 1983 DePaul Health Center has employed claimant as a diet aide. On September 20, 1984, claimant fell while at work. Employer referred claimant to orthopedic surgeon, Dr. Arnot, for evaluation and treatment of injuries claimant sustained in the fall. Among other things, Dr. Arnot performed a release of the transverse carpal ligament on claimant's *right* wrist on May 9, 1985. On October 15, 1985, in a follow-up visit, Dr. Arnot examined claimant. For the first time claimant complained of symptoms which Dr. Arnot interpreted to be a carpal tunnel syndrome

of the *left* wrist. By deposition Dr. Arnot testified he notified Fred S. James and Company, administrator of employer's worker's compensation insurance, of claimant's left wrist complaints. DePaul Health Center is self-insured for worker's compensation. It retained Fred S. James & Company to handle the claim now before this court.

On March 13, 1986, Dr. Arnot saw claimant again. Dr. Arnot again felt claimant's symptoms of her left wrist were of a carpal tunnel syndrome. Dr. Arnot testified he received a letter from Harold Orea, Assistant Vice–President Manager of Claims Management Services of Fred S. James and Company dated April 3, 1986. Orea wrote:

> I'm writing to confirm my position in regard to any surgery of the left hand. We consider any carpal tunnel syndrome involvement to the left hand to be not work related, and we will not [be] responsible for payment of any medical or disability as a result of any treatment to the left hand.

Claimant sought further treatment with Dr. Olson, a physician of her choice. Dr. Olson performed a release of the transverse carpal ligament on claimant's left wrist on June 16, 1986. Claimant was absent from work June 16, 1986, through July 9, 1986. She has not lost any time from work since then.

Claimant filed her claim for compensation for her left wrist on December 16, 1986. Claimant later amended her claim to state and/or May 20, 1986. In the claim, claimant alleged the left wrist carpal tunnel syndrome was work-related:

> Claimant's job requires her to open large, heavy cans of food and she does a lot of lifting in her job, including opening of cans of food, arranging of trays and other significantly heavy items. Claimant's job requires enough stress on her hand and wrist that carpal tunnel syndrome has resulted from the stress which her left hand and wrist undergo as she performs her job and while in the course and scope of her employment.

Claimant did not allege the left wrist carpal tunnel syndrome was related to the 1984

fall or any other accident. A claim against the Second Injury Fund was settled prior to the hearing of the claim before the ALJ.

The ALJ found claimant failed to give notice to employer about the left wrist disability as required by § 287.420 RSMo 1986 and denied benefits. The Commission affirmed the award of the ALJ. (Philip M. Barry, dissenting).

On appeal claimant first asserts the Commission erred in denying compensation "BY RULING THAT EMPLOYEE FAILED TO GIVE PROPER NOTICE UNDER § 287.420 BECAUSE § 287.420, WHICH IS THE NOTICE STATUTE, DOES NOT APPLY TO OCCUPATIONAL DISEASES CLAIMS." Section 287.420 RSMo 1986 provides:

No proceedings for compensation under this chapter shall be maintained unless written notice of the time, place and nature of the *injury* ... have been given to the employer as soon as practicable after the *happening thereof* but not later then thirty days after the *accident*, unless the division or the commission finds that there was good cause for failure to give the notice, or that the employer was not prejudiced by failure to receive the notice. (Our emphasis).

We review the decision of the Commission pursuant to § 287.495 RSMo 1986. The Commission's findings of fact are conclusive and binding if supported by competent evidence. We review only questions of law. We review whether the facts found by the Commission support the denial of an award, § 287.495.1(3), and whether there was sufficient competent evidence in the record to warrant the making the award of no compensation, § 287.495.1(4). *See also* Rule 84.16(b)(4) and *Pierce v. St. Joe Minerals*, 807 S.W.2d 110, 112 (Mo. App.1990).

■ We hold as a matter of law § 287.-420 does not apply to cases of occupational disease. We have said in dicta:

The statute uses the terms "injury" and "accident." "Injury" is defined as "in no case except as specifically provided" including occupational disease. § 287.020.3, RSMo 1986. "Accident" re-

fers to a sudden or violent event, § 287.-020.2, RSMo 1986, and does not mesh with the definition of occupational disease, § 287.067.1, RSMo 1986. Thus, the notice statute does not facially apply to occupational diseases. In addition, occupational disease does not fit under the purpose of the notice statute, which is to "give the employer a timely opportunity to investigate the facts as to whether an accident did occur, and, if it did, to promptly furnish medical attention to the employee to minimize the injury." *Klopstein v. Schroll House Moving Co.*, 425 S.W.2d 498, 503 (Mo.App.1968).

The early cases which applied the notice statute to occupational disease cases did so to correct the legislature's apparent omission to rewrite the ministerial provisions of the workers' compensation code to include this newly-allowed case. *See King v. St. Louis Steel v. Casting Co.*, 353 Mo. 400, 182 S.W.2d 560, 561 (1944). Since that time, the legislature has promulgated a statute of limitations specifically for occupational diseases, § 287.063.3, RSMo 1986, but has failed to add a comparable notice statute or to amend the existing statute. *Prater v. Thorngate, LTD*, 761 S.W.2d 226, 229 (Mo.App.1988).

In *Prater*, a determination of the issue of whether § 287.420 applies to cases of occupational disease was not necessary to the decision because employer had notice through employee's treating doctor within thirty days after employee was unable to work because of employee's work-related condition. *Id.* The legislature has not taken any steps in light of *Prater* to clarify the issue before us.

■ Employer agrees with the findings of the Commission and argues "Even if *Prater* had dispensed with the notice requirements of § 287.420 RSMo, in cases such as this, the employee owes the employer *some* notice of an injury so that the employer can provide medical treatment of its choosing." It seems clear an employer is entitled to a notice but there are no existing guidelines to define the nature or timeliness for notice. The statute does not

resolve the issue. However, in the present case, on undisputed facts, employer had notice of a potentially compensable work-related occupational disease. *Employer's* Dr. Arnot discovered the left wrist carpal tunnel syndrome on October 5, 1985, and later confirmed his diagnosis on March 13, 1986. Dr. Arnot told both claimant and Fred S. James and Company of his diagnosis. In turn, on April 3, 1986, Fred S. James and Company notified Dr. Arnot they considered claimant's carpal tunnel syndrome involvement to the left wrist not to be work-related and declined responsibility for payment of medical treatment. More than two months later claimant underwent surgical treatment on her own.

It is true employer did not know whether claimant would seek recovery under the theory her left wrist disability resulted from the 1984 accident or under a theory of occupational disease. However, employer had reasonable notice of the condition and made a decision on the issue of whether the condition was work-related.[1] Actual notice allowed employer a timely opportunity to investigate the cause of the disability. Employer was aware of claimant's 1984 accident, was familiar with the type of work performed by claimant, and retained a doctor to treat claimant. Furthermore, carpal tunnel syndrome is a known occupational disease. Accordingly, we find employer had some notice of condition and possible occupational disease causation.[2] Compensation was denied on the basis of lack of notice. This was error as a matter of law because § 287.420 is inapplicable and as a matter of fact because employer had actual notice in time to defend the claim without any prejudice attributable to untimely notice.

In view of our holding, claimant's remaining points on appeal are moot. Taken with the appeal is employer's motion to strike claimant's brief for attaching and referencing documents in an appendix which were not in evidence before the Commission. We have relied only upon that part of the record which was properly preserved. Accordingly, employer's motion is overruled as moot.

We reverse and remand.

SMITH, P.J., and AHRENS, J., concur.

---

1. Employer's position is that claimant's left wrist carpal tunnel syndrome is attributable to claimant's diabetes.

2. The Commission was of the opinion the correspondence between Dr. Arnot and Fred S. James and Company did not constitute notice under § 287.420. However, the Commission's findings regarding the letter are factually inaccurate.