**Daniel MANN, Employee/Appellant,**

v.

**SUPREME EXPRESS,
Employer/Respondent,**

**and**

**Truck Insurance Exchange,
Insurer/Respondent.**

**No. 62035.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 16, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 13, 1993.

Application to Transfer Denied
May 25, 1993.

Robert H. Sihnhold, St. Louis, for appellant.

Theresa A. Hagans, Schumaier & Sluggett, Clayton, for respondent.

AHRENS, Presiding Judge.

In this workers' compensation case, employee, Daniel Mann, appeals from the trial court's judgment affirming the decision of the Labor and Industrial Relations Commission. We affirm.

On October 25, 1979, employee, a truck driver in his mid-twenties, suffered a heart attack while performing heavy lifting at work. He was subsequently treated for a myocardial infarction and later underwent by-pass surgery. Employee filed a claim for workers' compensation on January 3, 1985. Following a hearing, the Administrative Law Judge (ALJ) awarded employee permanent total disability.

Employer filed an application for review which The Labor and Industrial Relations Commission (the Commission) initially dismissed as untimely filed. The Commission subsequently reconsidered and rescinded its order of dismissal. On review, the Commission reversed the ALJ's award. The Commission found that the statute of limitations barred employee's claim and that the injury was not causally related to employee's work. Employee appealed to the St. Louis City Circuit Court. The circuit

court found the statute of limitations issue determinative and affirmed the Commission's ruling.

On review, we are bound to affirm the Commission's award "if it is supported by competent and substantial evidence on the whole record." *Sellers v. Trans World Airlines, Inc.*, 752 S.W.2d 413, 415 (Mo. App.1988). "The inquiry on questions of fact decided by the Commission is limited to whether, upon the whole record and considering the evidence in the light most favorable to the Commission's findings, the Commission could have reasonably made such findings and reached the result it did." *Id.* "This court may not substitute its judgment on issues of fact for the judgment of the Commission." *Id.* "Only when the award is not supported by substantial evidence or is clearly contrary to the overwhelming weight of the evidence is it disturbed." *Id.*

■ In the first of his three points, employee asserts the Commission "acted without and in excess of its powers in entering its final award denying compensation," because employer failed to timely file its application for review of the ALJ's award. We disagree.

Section 287.480 RSMo 1986 provides in pertinent part:

> If an application for review is made to the commission within twenty days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence, or, if considered advisable, as soon as practicable hear the parties at issue, their representatives and witnesses and shall make an award and file it in like manner as specified in section 287.-470.

The ALJ's award is dated January 17, 1990. The envelope in which employer mailed its application for review to the Commission is postage meter-marked February 5, 1990. Therefore, the employer's application was timely filed within the twenty-day requirement. *Abrams v. Ohio Pac. Express*, 819 S.W.2d 338, 343 (Mo. banc 1991). Point one is denied.

■ In his second point, employee contends the "circuit court erred in affirming the ... Commission's finding that [employee's] claim for compensation was barred by time limitation." We disagree.

The Commission concluded that under the applicable statute, § 287.430 RSMo 1978, employee was required to file his claim within one year of the injury. Employee does not question application of the one year statute of limitations. However, employee argues that employee suffered an "occupational disease," and under § 287.063 RSMo 1978, the statute of limitations did not begin to run until it became "reasonably discoverable and apparent that a compensable injury" had been sustained. Employee argues he "did not become aware of a potentially compensable claim until 1985 when the question of medical causal connection was posed to the then treating physician." Employee contends he "sustained a mere, unexplained disability as a result of his myocardial infarction on or about October 25, 1979; accordingly, there was not sufficient cause to give rise to a claim for compensation until January 25, 1985 which was the exact, uncontroverted time at which he knew or should have known there existed a potentially compensable disability."

The Commission questioned whether this is an "occupational disease" case. Assuming such, the Commission found the one-year statute of limitations began to run on August 13, 1980. The Commission based its finding on an August 13, 1980 letter from employee's cardiologist, Dr. Nordlicht. With regard to that letter, the Commission found:

> In this case, however, the employee's physician wrote a letter as early as August 13, 1980, relating to the claimant's ability to work in his current occupation.... In that letter, the physician stated that the claimant could return to light duty. But, upon learning that the claimant's work could in no way be considered light duty, the physician then told the employer that the claimant could not return to work.

The Commission also found that employee "admitted that it was in 1980 that he consulted with Dr. Nordlicht with respect to his working abilities after his heart attack." Therefore, the Commission concluded, "there is an expert opinion in this case as to the claimant's disability as it relates to his heart condition. And, that expert opinion was given on August 13, 1980."

"When an injury is reasonably apparent and discoverable is a question of fact to be determined by the Commission[.]" *Thomas v. Becker Materials Corp.*, 805 S.W.2d 271, 273 (Mo.App.1991). In support of its finding, the Commission relied on *Sellers*, 752 S.W.2d 413 (Mo.App.1988). The *Sellers* court held that the standard for beginning the running of the statute of limitations requires: "(1) a disability or injury, (2) that is compensable." *Id.* at 416. Compensability "turns on establishing direct causal connections between the disease or injury and the conditions under when the work is performed." *Id.* The *Sellers* court concluded "an employee cannot be expected and certainly cannot be required to institute [a] claim until [the employee] has reliable information that his [or her] condition is the result of his [or her] employment." *Id.* "[T]he claimant is entitled to rely on a physician's diagnosis of [the employee's] condition rather than his [or her] own impressions." *Id.*

The *Sellers* court found that under the facts of that case, the occupational disease became apparent "when a medical doctor told the employee not to go back to work." *Id.* at 417. The court noted that the result in that case "should not be taken as an absolute in every case involving the time to start the clock on occupational diseases. Under certain circumstances, it can be foreseen the time should begin to run without having an expert's opinion in the employee's hands." *Id.*

Employee relies on *Moore v. Carter Carburetor Div ACF Indus., Inc.*, 628 S.W.2d 936 (Mo.App.1982). In *Moore*, this court upheld the Commission's finding that the employee did not "have knowledge that her disability was compensable prior to the date that she filed her claim...." *Id.* at

941. The employee in *Moore* was not medically advised until after she filed her claim as to the relationship of her disability to her employment. *Id.* The *Moore* court noted that "mere awareness of the presence of a work related illness is not alone, knowledge of a 'compensable injury' under the occupational disease provisions of the [Workers'] Compensation Law. Generally, such condition becomes apparent when an employee is medically advised that he or she can no longer physically continue in the suspected employment." *Id.*

We find substantial evidence in the record to support the Commission's finding that the statute of limitations began to run in 1980. Employee had conversations with Dr. Nordlicht in 1980 regarding employee returning to work. Although Dr. Nordlicht initially agreed to permit employee to return to work and "perform light manual activity," he refused to permit employee to return to work when he learned employee would be required to perform heavy work as before his heart attack. This constituted substantial evidence from which the Commission could find employee suffered a disability of some degree which could have been a subject of a workers' compensation claim in 1980. Point two is denied.

In point three, employee contends the Commission "erred in failing to find the heart attack suffered by employee ... was causally related to his employment." Because employee's claim is barred by the statute of limitations, point three is denied as moot.

The judgment of the circuit court affirming the Commission's Final Award is affirmed.

REINHARD and CRIST, JJ., concur.