Shirley D. WENIGER, Appellant,

v.

PULITZER PUBLISHING COMPANY, Respondent.

No. 63131.

Missouri Court of Appeals, Eastern District, Division One.

July 27, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 8, 1993.

**360**

Richard L. Hughes, Thomas J. Gregory, Mogab & Hughes, St. Louis, for appellant.

Davis S. Ware, Evans & Dixon, St. Louis, for respondent.

AHRENS, Presiding Judge.

In this workers' compensation case, employee, Shirley Weniger, appeals from the decision of the Labor and Industrial Relations Commission denying compensation. We affirm.

Employee worked for Pulitzer Publishing Company (employer), for twenty-three years as an advertising sales representative. In September, 1987, employee was diagnosed as having carpal tunnel syndrome. She had surgery on her left hand on September 28, 1987 and on her right hand on October 19, 1987. Employee filed a claim for workers' compensation on August 30, 1990. Following a hearing, the Administrative Law Judge (ALJ) entered an award denying compensation, finding the proceedings barred by the statute of limitations, § 287.430 RSMo 1986. On review, the Labor and Industrial Relations Commission (the Commission) affirmed the ALJ's denial of compensation.

In the first of two points, employee asserts the Commission erred as a matter of law in finding her claim barred by the statute of limitations because "substantial and compe-tent evidence ... showed that the employer had notice of the claimant's injury, yet failed to timely file a report of injury, thereby giving the claimant three years from the date of injury or last treatment to file her claim instead of two years under the terms of section 287.430 RSMo." In her second point, employee asserts that awards of the Commission which are "clearly the interpretation or application of the law," such as the statute of limitations question here, as opposed to determination of facts, are not binding on the court of appeals and are subject to review and correction. Point two claims no error, but addresses our standard of review. We consider it in tandem with point one.

On appeal, we are bound to affirm the Commission's award "if it is supported by competent and substantial evidence on the whole record." *Mann v. Supreme Express*, 851 S.W.2d 690, 691 (Mo.App.1993) (quoting *Sellers v. Trans World Airlines, Inc.*, 752 S.W.2d 413, 415 (Mo.App.1988)). "The inquiry on questions of fact decided by the Commission is limited to whether, upon the whole record and considering the evidence in the light most favorable to the Commission's findings, the Commission could have reasonably made such findings and reached the result it did." *Id.* "This court may not substitute its judgment on issues of fact for the judgment of the Commission." *Id.* "Only when the award is not supported by substantial evidence or is clearly contrary to the overwhelming weight of the evidence is it disturbed." *Id.*

A workers' compensation claim must be filed within two years after the date of injury. § 287.430 RSMo 1986. The employer is required to notify the division "within ten days after knowledge of an accident resulting in personal injury to any employee" and file a report of injury within one month thereafter. § 287.380 RSMo 1986. If the employer fails to file the report of injury as required by § 287.380, the time to file a claim for compensation is extended to three years after the date of injury. § 287.430 RSMo. Carpal tunnel syndrome is a known occupational disease. *Elgersma v. DePaul Health Center*, 829 S.W.2d 35, 36 (Mo.App.1992). The statute of limitations in occupational dis-

ease cases begins to run when it "becomes reasonably discoverable and apparent that a compensable injury has been sustained...." § 287.063.3 RSMo 1986.

Employee claims that the statute of limitations was extended from two to three years pursuant to § 287.430 due to employer's alleged failure to timely file a report of injury as required by § 287.380. Employer did not file a report of injury until September 14, 1990, or fifteen days after employee filed her claim for compensation. The Commission rejected employee's claim, finding it "punitive ... that an employer without notice is expected to file a Report of Injury." The Commission further found the "statutory scheme clearly requires knowledge of the accident or occupational disease before the Report of Injury requirement keys in."

Employee asserts the Commission "confused and misinterpreted" the issues of notice and statute of limitations. We disagree. Employee notes we recently held the notice requirement of § 287.420 does not apply to cases of occupational disease. *Elgersma*, 829 S.W.2d at 37. This, however, does not mean an employee is no longer required to provide any notice to his or her employer. We further observed in *Elgersma*, "[i]t seems clear an employer is entitled to a notice but there are no existing guidelines to define the nature or timeliness for notice." *Id.* The Commission still must look to whether an employer had any knowledge of an injury or accident. *See* § 287.380 RSMo. Accordingly, the issue of when employer obtained knowledge of the occupational disease for purposes of the report of injury requirement of § 287.380 and the statute of limitations extension under § 287.430 is not affected by our holding in *Elgersma.*

Employee contends the application of the statute of limitations to the facts of this case is a "purely legal question." Therefore, employee claims the Commission's decision is not binding on this court, citing *Merriman v. Ben Gutman Truck Service, Inc.*, 392 S.W.2d 292 (Mo.1965) and *West v. Posten Const. Co.*, 804 S.W.2d 743 (Mo. banc 1991). These decisions are inapposite. The question in *Merriman* was whether the employee's injury constituted an "accident" within the meaning of the statute. *Merriman*, 392 S.W.2d at 297. *West* involved an issue as to whether the claimant was an employee or independent contractor. *West*, 804 S.W.2d at 743–44.

Here, the issue is whether the employer had knowledge of the occupational disease, thereby triggering a duty to file a report of injury. This is not "clearly an interpretation or application of Law". *See West*, 804 S.W.2d at 744. The issue of whether a claimant has provided his employer with actual notice of a compensable injury is a question of fact to be determined by the Commission. *Summers v. Harbor Performance Corp.*, 754 S.W.2d 953, 954 (Mo.App. 1988). Similarly, we find the issue of whether the employer had knowledge of the occupational disease is a question of fact to be determined by the Commission. We, therefore, review to determine whether the Commission's decision is supported by competent and substantial evidence on the record as a whole. *Mann*, 851 S.W.2d at 691.

The only evidence concerning employer's knowledge of the occupational disease was elicited during the cross-examination of employee. Employee's testimony concerning her contact with employer's health and accident department was equivocal. Employee first stated she "may have" talked to Ms. Reese of that department about having surgery in 1987. Then employee testified she did not remember going to Ms. Reese at all in 1987 and telling Ms. Reese she had carpel tunnel syndrome caused by working on a computer at work. Employee further testified in response to a question by the ALJ that she "didn't go through Workers' Comp. or see about it or file anything [in 1987]."

Other evidence presented at the hearing supports the Commission's finding that employer did not have notice. Employee testified she saw doctors at Group Health Plan, (GHP), her "only insurer, through the Post." The record on appeal includes copies of various GHP medical records, which indicated employee's carpal tunnel syndrome was work-related. Nothing in the record, however, indicates that employer had any knowledge or information concerning these medical records or employee's medical care and

**362**

treatment. Employee further relies on the stipulation of counsel that "employer had notice of injury." The stipulation, though, includes no reference as to when employer obtained notice of injury. On this record, the Commission's finding that employer had no notice or knowledge of the occupational disease at the time the statute of limitations began to run is supported by competent and substantial evidence.

■ Since employer did not have knowledge of employee's condition, the two-year statute of limitations under § 287.430 is applicable. The statute of limitations in cases of occupational disease begins to run when it becomes reasonably discoverable that a compensable injury has been sustained. § 287.-063.3 RSMo. When an injury is reasonably apparent and discoverable is a question of fact to be determined by the Commission. *Thomas v. Becker Metals Corp.*, 805 S.W.2d 271, 273 (Mo.App.1991). Here, the Commission found that the occupational disease was reasonably discoverable in 1987, and that the statute of limitations began to run when employee lost time from work after her surgical procedures in 1987. The record contains sufficient evidence to support that determination.

The two-year period expired September 28, 1989, or two years from the date of employee's first surgery. Employee's claim filed August 30, 1990 was untimely. The award of the Commission finding the proceedings barred by the statute of limitations, § 287.430, is supported by competent and substantial evidence on the whole record.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.