**Charles E. BRYANT, Claimant–Appellant,**

v.

**IRECO, INC., Employer–Respondent.**

**No. 72097.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 23, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 4, 1998.

Application to Transfer Denied April 21, 1998.

Dempsey, Dempsey & Riggs, Vicki A. Dempsey, Hannibal, for appellant.

Evans & Dixon, L.L.C., Michael F. Banahan & Mary Anne Lindsey, St. Louis, for respondent.

KAROHL, Judge.

Charles E. Bryant (claimant) appeals from a final award of the Labor and Industrial Relations Commission (Commission). It found the award of the Administrative Law Judge (ALJ) was supported by competent and substantial evidence. It also ruled Ireco, Inc. was prejudiced by the absence of "reasonable notice" because it had no opportunity to mitigate or change the conditions of claimant's employment. The ALJ found, "[t]he issue of whether Mr. Bryant appropriately notified his employer of his right hand carpal tunnel syndrome and his belief that the carpal tunnel syndrome was caused by his employment is dispositive of Mr. Bryant's claim for workers' compensation benefits." The ALJ cited *Elgersma v. DePaul Health Ctr.*, 829 S.W.2d 35 (Mo.App.1992) for the proposition that reasonable notice to an employer regarding the existence of a work-related occupational disease is required. It found claimant gave no notice that his right hand carpal tunnel symptoms were work-related until he filed his claim early in 1994, "almost two years after he first noticed problems with his right hand and determined that they were work-related and more than a year and a half after his right hand carpal tunnel surgery." Based on these findings and conclusions, the ALJ and the Commission denied the claim for lack of notice. One member of the commission filed a dissenting opinion which concluded, "[a]s a matter of law, the notice provisions set forth in [section] 287.420 RSMo 1994, do not apply to cases of occupational disease. *Elgersma v. DePaul Health Ctr.*, 829 S.W.2d 35 (Mo.App.1992)." We reverse and remand.

The relevant evidence regarding claimant's employment and claim, viewed in light of the finding of a failure to give reasonable notice, follows. Claimant worked for Ireco, Inc./ Dyno/Nobel, Inc., as a laborer and millwright for approximately twenty years. In his capacity as a millwright, he regularly used hand-intensive tools, including wrenches. His work activities included overhauling pumps, changing the gauge on a catalytic converter, automotive repair, operation of a cherrypicker, overhauling compressors and preventive maintenance. In March, 1992, a supervisor told claimant to see a doctor regarding nose bleeds. He was also experiencing pain and numbness in his first two fingers and thumb of his right hand, his dominant hand. He informed his immediate supervisor, K.D. Warren, and two other supervisors of the condition. He "felt" that his right wrist problems were related to his work, but he did not share the feeling with his supervisors. He was informed by a supervisor that he had health insurance coverage. He filed a claim with the health insurance carrier provided by Ireco.

In April 1992, claimant consulted Dr. Long who diagnosed carpal tunnel syndrome and prescribed splints. In May 1992, after further tests, Dr. Bukstein performed a right median nerve release. Claimant informed his supervisor of his surgery and his temporary limitations. Claimant's supervisor told

him to "stay home, you've got insurance." He received medical and disability insurance benefits through employer's group health insurance on the basis that the surgery was for a condition not job related. Neither doctor gave claimant an opinion of medical causation.

Claimant filed the claim for compensation in February, 1994. An attorney filed the claim and alleged claimant's "job requires him to use repetitive motion while performing such duties as pulling and installing pumps and repairing equipment." The claim constituted claimant's first notice to Ireco that the carpal tunnel syndrome condition was work-related. It was filed before any medical authority determined there was work-related causation of the disease.

Dr. Jerome Levy examined claimant in August 1994. He testified that in his opinion claimant's carpal tunnel syndrome is related to his employment at Ireco. Dr. R. Evan Crandall examined claimant on behalf of Ireco on May 30, 1995. He testified claimant's carpal tunnel syndrome condition is not related to his employment at Ireco. Neither the ALJ nor the Commission considered or decided the merits of the claim.

■ On appeal claimant argues the Commission's award is erroneous because: (1) claimant did not know he had a work-related occupational disease until it was diagnosed by an expert; and, (2) Ireco had sufficient notice and was not prejudiced by any lack of notice. For several reasons, we agree the Commission erred in denying the claim on the basis of lack of notice of an occupational disease.

■ First, Section 287.420 RSMo 1994 does not facially apply to occupational disease claims. *Elgersma v. DePaul Health Ctr.*, 829 S.W.2d 35, 37 (Mo.App.1992). The purpose of that section is to permit the employer an opportunity to investigate the facts of an accident and to promptly furnish medical attention to minimize a resulting injury. *Id.* In *Elgersma* we found the facts supported a finding an employer had reasonable notice of claimant's carpal tunnel syndrome and an opportunity to make a decision; it concluded the condition was not work-related. In *Elgersma*, Dr. Arnot told both claim-

ant and employer at the same time that the employee was suffering from carpal tunnel syndrome. *Id.* at 38. This constituted "some notice of condition and possible occupational disease causation." *Id.* On those facts we held, as a matter of law, section 287.420 was inapplicable and, as a matter of fact, employer had actual notice in time to defend the claim without any prejudice attributable to untimely notice. *Id.*

The facts in the present case are substantially the same, except that claimant acknowledged that he had a feeling or suspicion that his condition was work-related, but did not share that feeling with employer. However, claimant's complaints and medical care were known to employer. There was evidence that no other millwright had ever made a carpal tunnel syndrome work-related complaint before. Thus, neither the claimant nor Ireco had any experience which would have represented actual knowledge of causation. Information regarding claimant's condition, complaint and treatment, and the duties he regularly performed were known by both claimant and employer. Significantly, claimant's feelings and suspicion would not constitute evidence to support a finding of medical causation and would not have provided a basis for employer to investigate or provide medical care for the condition which was not timely provided.

Second, on the issue of notice, there is no evidence to support a finding that Ireco's defense was in anyway compromised by the failure of claimant to share his feelings and suspicions with employer sometime prior to filing a claim in 1994. Ireco had knowledge of claimant's complaints and medical care. Thus, there is no evidentiary support for a finding that Ireco was in anyway prejudiced by a lack of "notice."

Third, prior to consulting an attorney and filing the claim for compensation, claimant's conduct was wholly consistent with a lack of knowledge that his condition was work-related. His knowledge of causation was no greater than that of his supervisors with whom he shared his complaints and details of medical treatment. There was never any discussion between claimant and employer regarding workers' compensation claims or benefits. They discussed health insurance claims. Claimant followed the suggestions of

a supervisor and filed a health insurance claim on the basis that his condition was not work-related. Accordingly, claimant and employer both acted in a manner inconsistent with a finding claimant had knowledge of medical causation. A finding of the ALJ, accepted by the Commission, that claimant "determined" that his condition was work-related two years before he filed the claim is unsupported by the evidence. Belief and suspicion are not the equivalent of knowledge.

We hold the Commission's award denying an award for lack of reasonable notice is unsupported by competent and substantial evidence on the whole record. Section 287.495 RSMo 1994; *Sellers v. Trans World Airlines, Inc.,* 752 S.W.2d 413, 415 (Mo.App. 1988). Further, the award is based upon an erroneous conclusion of law which we review independently. *Kintz v. Schnucks Markets, Inc.,* 889 S.W.2d 121, 123 (Mo.App. E.D. 1994). As a question of fact, there is no evidence to support a finding the claim for compensation was barred by a failure to give notice to employer of facts known to claimant. Claimant timely informed employer of his conditions and medical treatment. As a question of law, claimant was not obligated by statute to give notice of feelings or suspicions based upon the matters equally known to claimant and employer.

The facts in the present case are comparable to those we considered in *Elgersma v. DePaul Health Ctr.,* 829 S.W.2d 35 (Mo. App.1992). In both cases the knowledge of claimant and of employer regarding medical causation of an occupational disease was the same. In such cases the Commission may not, as a matter of law, deny consideration of the claim on its merits. We express no opinion on the merits of the claim or the defense.

We reverse the award denying benefits and remand the claim to the Labor and Industrial Relations Commission.

AHRENS, P.J., and CRANDALL, J., concur.