**TREASURER OF the STATE of Missouri–CUSTODIAN OF the SECOND INJURY FUND, Appellant,**

v.

**Gloria STIERS, Respondent.**

**No. WD 75101.**

Missouri Court of Appeals,
Western District.

Oct. 9, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 2012.

Application for Transfer Denied
Jan. 29, 2013.

David M. Zugelter, Jefferson City, MO, for appellant.

Christine M. Kiefer, Jefferson City, MO, for respondent.

Before DIVISION ONE: JAMES M. SMART, Presiding Judge, LISA WHITE HARDWICK and GARY D. WITT, Judges.

LISA WHITE HARDWICK, Judge.

The Second Injury Fund appeals the Labor and Industrial Relations Commission's award of compensation to Gloria Stiers based on a finding that she was permanently and totally disabled by the combination of her preexisting disabilities and occupational disease. The Second Injury Fund contends the Commission's award was erroneous because an occupational disease does not qualify as a "compensable injury" for purposes of triggering Second Injury Fund liability under the workers' compensation statutes. For reasons explained herein, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

Stiers filed a claim for compensation with the Division of Workers' Compensation against her employer, Production Products Manufacturing & Sales, Inc., and the Second Injury Fund seeking permanent total disability benefits. Stiers alleged that she had sustained an injury by occupational disease, namely, a repetitive motion injury to both hands and wrists, on October 23, 2008. She further alleged that she had preexisting disabilities consisting of a psychiatric condition, a learning disability, and injuries to her low back, left shoulder, and both wrists.

Stiers settled her claim against her employer without an evidentiary hearing. The settlement was based upon a 32% permanent partial disability of her right arm and a 30% permanent partial disability of her left arm. An Administrative Law Judge (ALJ) approved the settlement.

Subsequently, an evidentiary hearing was held before an ALJ to determine the Second Injury Fund's liability. Stiers and the Second Injury Fund stipulated to several facts, including that both she and her employer were subject to Missouri's Workers' Compensation Law; that she was working for her employer at the time of the injury; that her claim was timely filed, and that she had sustained an occupational disease arising out of the course and scope of her employment. The sole issue presented at the hearing was the Second Injury Fund's liability for either permanent total disability or enhanced permanent partial disability benefits.

Following the hearing, the ALJ determined Stiers was permanently and totally disabled as a result of the combination of her preexisting disabilities and her subsequent occupational disease. Therefore, the ALJ awarded Stiers compensation from the Second Injury Fund.

The Second Injury Fund filed an application for review with the Commission. In its application for review, the Second Injury Fund asserted that the ALJ did not have the authority to hear the case because "the relevant workers' compensation statutes and case law do not allow for the adjudication of occupational disease claims through the workers' compensation system."

The Commission issued a final award affirming and incorporating the ALJ's de-

cision. The Commission also issued a supplemental opinion finding that an occupational disease qualifies as a "compensable injury" for purposes of triggering Second Injury Fund liability under the Workers' Compensation Law. The Second Injury Fund appeals.

### STANDARD OF REVIEW

The Second Injury Fund's point on appeal concerns only the interpretation of the workers' compensation statutes. Our review of this purely legal issue is *de novo. Endicott v. Display Techs., Inc.,* 77 S.W.3d 612, 615 (Mo. banc 2002). We are not bound by the Commission's interpretation and application of the law, nor do we afford it any deference. *Taylor v. Ballard R–II Sch. Dist.,* 274 S.W.3d 629, 632 (Mo. App.2009).

The primary rule of statutory interpretation is to ascertain the legislature's intent from the plain and ordinary meaning of the language used and to give effect to that intent if possible. *State ex rel. KCP & L Greater Mo. Operations Co. v. Cook,* 353 S.W.3d 14, 17 (Mo.App.2011) (en banc). We presume the legislature intended what the statute says, and if the statutory language is clear, " 'there is no room for construction beyond the plain meaning of the law.' " *Id.* (citation omitted).

### ANALYSIS

The Second Injury Fund contends the Commission erred in awarding Stiers compensation from the Fund because an occupational disease is not a "compensable injury" for the purpose of triggering Second Injury Fund liability under Section 287.220, RSMo 2000.[1] Section 287.220.1 provides, in pertinent part, that Second Injury Fund liability is triggered when an

employee "who has a preexisting permanent partial disability ... receives a subsequent compensable injury" resulting in either additional permanent partial disability or permanent total disability. The employer at the time of the last injury is liable only for the disability resulting from the last injury considered alone, i.e., the "subsequent compensable injury," while the Second Injury Fund is liable for the remainder. *Id.* The Second Injury Fund argues that the term "injury" in this statute does not include an occupational disease.

Section 287.020 defines certain terms used in Chapter 287. Section 287.020.3(5) defines the term "injury" to mean "violence to the physical structure of the body and to the personal property which is used to make up the physical structure of the body." The statute further provides that the term "shall in no case *except as specifically provided in this chapter* be construed to include occupational disease in any form." *Id.* (emphasis added).

Chapter 287 provides for an injury by occupational disease in Section 287.067. Section 287.067.1 defines an "occupational disease" as "an identifiable disease arising without human fault out of and in the course of the employment." This statute states that "[a]n injury by occupational disease is compensable only if the occupational exposure was the prevailing factor in causing both the resulting medical condition and disability." § 287.067.2. The statute also recognizes and addresses the compensability of repetitive motion injuries such as the one that Stiers suffered in this case. Section 287.067.3 states that "[a]n injury due to repetitive motion is recognized as an occupational disease for pur-

---

1. All statutory references are to the Revised Statutes of Missouri 2000, as updated by the

Cumulative Supplement 2011.

poses of this chapter. An occupational disease due to repetitive motion is compensable only if the occupational exposure was the prevailing factor in causing both the resulting medical condition and disability."

Despite the fact that Section 287.067 refers to a medical condition caused by occupational disease, including one caused by repetitive motion, as an "injury," the Second Injury Fund argues that the term "injury" cannot be interpreted in any other provisions in Chapter 287 to include an occupational disease unless those provisions specifically refer to an "injury by occupational disease." The Fund argues that Section 287.800.1, which mandates strict construction of Chapter 287, requires this result, as Section 287.020.3(5) excludes an occupational disease from the scope of the term "injury" "except as specifically provided in [Chapter 287]." Because Section 287.220, the statute prescribing Second Injury Fund liability, refers to an "injury" triggering the Fund's liability and does not specifically refer to an "injury by occupational disease," the Fund argues that only an injury by accident can trigger Second Injury Fund liability. We disagree.

■ The plain language of Section 287.220 states that a "compensable injury" triggers Second Injury Fund liability. Section 287.067.2 provides "An *injury* by occupational disease is *compensable....*" (Emphasis added). An injury by occupational disease that meets Section 287.067's definition and requirements is a compensable injury under the Workers' Compensation Law. Therefore, an injury by occupational disease that is compensable under Section 287.067 constitutes a "compensable injury" triggering Second Injury Fund liability under Section 287.220.

This court's decision in *KCP & L* does not compel a different result. In *KCP & L*, 353 S.W.3d at 18, we found that "[t]he

Workers' Compensation Law distinguishes between two general categories of compensable injuries: (1) injuries by accident; and (2) injuries by occupational disease." Based on this distinction, we held that, because the Workers' Compensation Law's exclusivity provision, Section 287.120, expressly refers only to injuries by accident, the exclusivity provision does not apply to claims for injuries by occupational disease. *Id.* at 30.

■ Our interpretation of Section 287.220 in this case is consistent with *KCP & L*. *KCP & L* clarified that injuries are the umbrella triggering any liability under the Workers' Compensation Law. Within this umbrella are injuries occurring by accident and injuries occurring by occupational disease. While the plain language of Section 287.120 expressly limits the exclusivity provision's application to injuries by accident, the plain language of Section 287.220 requires only a "compensable injury" to trigger Second Injury Fund liability and, therefore, includes both compensable injuries by accident and compensable injuries by occupational disease.

CONCLUSION

■ Because the combination of Stiers's preexisting disabilities and her subsequent compensable injury by occupational disease rendered her permanently and totally disabled, the Commission did not err in awarding her compensation from the Second Injury Fund. We affirm the Commission's decision.

ALL CONCUR.