Kathleen PETERS, Respondent,

v.

**TREASURER OF MISSOURI AS CUSTODIAN OF SECOND INJURY FUND, Appellant.**

No. ED 98300.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 6, 2012.

Motion For Rehearing and/or Transfer to Supreme Court Denied Dec. 13, 2012.

Application for Transfer Denied
Jan. 29, 2013.

Barbara Toepke, Assistant Attorney General, St. Louis, MO, for appellant.

Gary W. Kullmann, St. Louis, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

The Second Injury Fund (Fund) appeals from a decision of the Labor and Industrial Relations Commission (Commission) finding that the Fund was liable to Kathleen Peters (Claimant) for permanent partial disability (PPD) benefits based on shoulder overuse syndrome, an occupational disease. The Fund contends the Commission erred in awarding workers' compensation benefits to Claimant because an occupational disease is not a compensable injury for purposes of triggering Fund liability. We affirm.

### Factual and Procedural Background

In November 2007, Claimant was working for General Motors (Employer) as an assembler when she developed shoulder overuse syndrome in her right shoulder. Claimant filed a complaint against Employer and the Fund.[1]

On July 13, 2011, an Administrative Law Judge with the Division of Workers' Compensation held a hearing to determine whether Claimant was entitled to PPD benefits from the Fund. At the hearing, the parties stipulated to the following facts: Claimant and Employer were subject to the Missouri Workers' Compensation Law (Act); Claimant sustained an occupational disease arising out of and in the course of her employment; Claimant was working for Employer when she developed the occupational disease; Claimant and Employer settled Claimant's claim for 22.5% PPD of the right shoulder; and Claimant had several preexisting disabilities.

The sole issue before the ALJ was whether an occupational disease triggered Fund liability. The Fund argued that Section 287.220.1[2] requires "a subsequent compensable injury" and, when applying the strict construction required by the 2005 amendments to the Act, an occupational disease does not constitute an "injury" for purposes of Fund liability. The ALJ rejected the Fund's argument, finding that Sections 287.067.2 and .3 specifically provide for injury by occupational disease, and awarded Claimant $9,325.39 in PPD benefits.

The Fund appealed the ALJ's award to the Commission, arguing that Claimant's occupational disease did not qualify as "a subsequent compensable injury" for purposes of triggering Fund liability under Section 287.220.1. The Commission affirmed the ALJ's award and issued a supplemental opinion, quoting the definition of "injury" contained in Section 287.020.3(5), as well as subsections (2) and (3) of Section 287.067, which the Commission found "specifically provide[ ] for injuries by occupational disease and specifically say[ ] those injuries are compensable." The Commission concluded:

> [T]he legislature specifically provided that the term "injury" includes occupational disease and that injuries by occupational disease are compensable.
>
> Based upon the foregoing, we construe the term "injury" as it appears in the phrase "subsequent compensable injury" in § 287.220.1 to include occupational diseases.

The Fund appeals.

### Standard of Review

On appeal from a decision in a workers' compensation proceeding, this court reviews only questions of law and may modify, reverse, remand for rehearing, or set

---

1. Claimant settled her claim against Employer.

2. All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

aside the award upon finding that: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. Mo.Rev.Stat. § 287.495.1. Where, as here, the facts pertinent to the appeal are not in dispute, the issue is a question of law requiring de novo review. *Gervich v. Condaire, Inc.*, 370 S.W.3d 617, 620 (Mo. banc 2012).

### *Discussion*

■ In its sole point on appeal, the Fund contends that the Commission erred in awarding Claimant workers' compensation benefits for an occupational disease. More specifically, the Fund asserts that the Act only provides for Fund liability in the case of an "injury," and, when strictly construed, the term "injury" does not encompass an occupational disease. Claimant responds that the Commission properly concluded that the term "injury," as used in Section 287.220.1, includes occupational disease because the 2005 amendments to the Act specifically recognized that occupational diseases and conditions caused by repetitive motion constituted "injuries."

■ To determine whether the Commission erred when it found the Fund liable to Claimant for workers' compensation benefits based on an occupational disease, we analyze the provisions of the Act. In construing the Act, we adhere to general rules of statutory construction. *Motton v. Outsource Int'l*, 77 S.W.3d 669, 673 (Mo. App. E.D.2002). "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *Tillot-*

*son v. St. Joseph Med. Ctr.*, 347 S.W.3d 511, 520 (Mo.App. W.D.2011). Pursuant to Section 287.800, we construe strictly the provisions of the workers' compensation law. Mo.Rev.Stat. § 287.800.1.

Section 287.220 governs the Fund's liability in "[a]ll cases of permanent disability where there has been previous disability." Section 287.220.1; *see also Pierson v. Treasurer of State*, 126 S.W.3d 386, 387 (Mo. banc 2004). The statute provides, in relevant part:

> If any employee who has a preexisting permanent partial disability whether from compensable injury or otherwise, of such seriousness as to constitute a hindrance or obstacle to employment or to obtaining reemployment if the employee becomes unemployed ... receives **a subsequent compensable injury** resulting in additional permanent partial disability so that the degree or percentage of disability ... caused by the combined disabilities is substantially greater than that which would have resulted from the last injury, considered alone and of itself, and if the employee is entitled to receive compensation on the basis of the combined disabilities, the employer at the time of the last injury shall be liable only for the degree or percentage of disability which would have resulted from the last injury had there been no preexisting disability.

Section 287.220.1 (emphasis added).

Section 287.020.3 defines the terms "injury" and "personal injuries" to "mean violence to the physical structure of the body...." Mo.Rev.Stat. § 287.020.3(5). The statute further provides: "These terms shall in no case except as specifically provided in this chapter be construed to include occupational disease in any form...." *Id.* Section 287.067 specifically provides for an injury by occupational disease. Mo.Rev.Stat. § 287.067; *Treasurer*

*of State v. Stiers*, 388 S.W.3d 217, 219–20 (Mo.App. W.D.2012). Section 287.067 defines the term "occupational disease" to mean "an identifiable disease arising with or without human fault out of and in the course of the employment" and states that "[a]n injury by occupational disease is compensable only if the occupational exposure was the prevailing factor in causing both the resulting medical condition and disability." Mo.Rev.Stat. § 287.067.1.2. The statute also provides: "An injury due to repetitive motion is recognized as an occupational disease for purposes of this chapter." Mo.Rev.Stat. § 287.067.3. Because the statute specifically recognizes occupational diseases as compensable injuries, we conclude that an occupational disease constitutes "a subsequent compensable injury" for purposes of triggering Fund liability under Section 287.220.1. *Stiers*, 388 S.W.3d at 219.

■ The Commission and the courts have long recognized that the Fund is liable for payment of benefits when a claimant's workplace occupational disease combines with a preexisting disability to cause a greater disability than the occupational disease alone would have caused. *See, e.g., Houston v. Roadway Express, Inc.*, 133 S.W.3d 173, 177 (Mo.App. S.D. 2004). In 2005, the Legislature enacted comprehensive amendments to the Act "to raise the threshold for obtaining workers' compensation." *Duever v. All Outdoors, Inc.*, 371 S.W.3d 863, 867 (Mo.App. E.D. 2012). Significantly, the Legislature did not amend Sections 287.020.3(5) or 287.220.1 to limit the Fund's liability to injuries by accident and exclude coverage for injuries by occupational disease. If, as the Fund contends, this was the Legislature's purpose when it enacted the 2005 amendments, we believe the Legislature would have amended these sections to effectuate such intent. "When part of a statute is repealed by an amendatory act, the provisions retained are regarded as a continuation of the former law while those omitted are treated as repealed." *Sell v. Ozarks Med. Ctr.*, 333 S.W.3d 498, 508 (Mo.App. S.D.2011); *see also State ex rel. Klein v. Hughes*, 351 Mo. 651, 173 S.W.2d 877, 880 (1943).

Without citation to supporting authority, the Fund contends that the statutory provisions providing compensation for occupational diseases only apply to an employer's liability for benefits and do not apply to the Fund's liability. The Fund further argues: "No provision of Chapter 287 'specifically provides' that 'injury' as used with regard to the Fund includes occupational disease. Therefore, for purposes of the Fund's liability, 'injury' does not include 'occupational disease.'" However, as previously discussed, Section 287.067 specifically provides that, under certain circumstances, "[a]n injury by occupational disease is compensable." Mo.Rev.Stat. § 287.067.2. Section 287.067 states that an injury by occupational disease is compensable "if the occupational exposure was the prevailing factor in causing both the resulting medical condition and disability." *Id.* Additionally, Section 287.067 specifically provides that an "injury due to repetitive motion," such as Claimant's shoulder overuse syndrome, "is recognized as an occupational disease for purposes of this chapter ... if the occupational exposure was the prevailing factor in causing both the resulting medical condition and disability." Mo.Rev.Stat. § 287.067.3.

Moreover, nothing in Section 287.067.2, which broadly declares that an injury by occupational disease is compensable, limits its application to an employer's liability for benefits. Mo.Rev.Stat. § 287.067. Additionally, although the Act draws a clear distinction between injuries by accident and injuries by occupational disease, *State*

*ex rel. KCP & L Greater Mo. Operations Co. v. Cook*, 353 S.W.3d 14, 18 (Mo.App. W.D.2011), Section 287.220 refers generally to "compensable injur[ies]" and does not limit the Fund's liability to a specific category of injury. *See Stiers*, 388 S.W.3d at 220; *cf. KCP & L*, 353 S.W.3d at 18.

The Fund cites *KCP & L* in support of its argument that application of strict construction to Section 287.220 excludes occupational diseases as qualifying injuries for purposes of Fund liability. 353 S.W.3d 14 (Mo.App. W.D.2011). In *KCP & L*, the employee sued the employer in civil court claiming he had developed mesothelioma as a result of work-related exposure to asbestos. *KCP & L*, 353 S.W.3d at 17. In response, the employer filed a motion for summary judgment contending that, because the employee's claim was subject to Section 287.120, the employee's exclusive remedy, if any, was under the Act. *Id.* Section 287.120 provided that an employer "shall be liable . . . under the provisions of this chapter *for personal injury or death of the employee by accident* arising out of and in the course of the employee's employment" and the employee's rights under the Act "shall exclude all other rights and remedies of the employee . . . on account of *such accidental injury or death.*" Mo. Rev.Stat. §§ 287.120.1–2 (2011) (emphasis added).[3] On review, the court held that, because the employee's claim did not arise from an "accident," it was not subject to the Act's exclusivity provision. *Id.* at 18. The court explained: "Although the Act

draws a clear distinction between injuries by accident and injuries by occupational disease, the plain language of §§ 287.120.1 and .2 limits those sections to injuries or death caused 'by accident.' " *Id.*

Contrary to the Fund's assertion, we find that *KCP & L* supports our conclusion that the term "injury" as used in Section 287.220.1 includes occupational diseases. *See Stiers*, 388 S.W.3d at 220. As the court explained in *Treasurer of State v. Stiers*, "*KCP & L* clarified that injuries are the umbrella triggering any liability under the Workers' Compensation Law" and "[w]ithin this umbrella are injuries occurring by accident and injuries occurring by occupational disease." *Id.* at 220. Unlike the language of Section 287.120, the statute considered by the *KCP & L* court that expressly limits its application to injuries occurring by accident, "the plain language of Section 287.220 requires only a 'compensable injury' to trigger [Fund] liability, and, therefore includes both compensable injuries by accident and compensable injuries by occupational disease." *Id.*

The Fund also asserts that *Elgersma v. DePaul Health Ctr.*, 829 S.W.2d 35 (Mo. App. E.D.1992) and *Prater v. Thorngate, Ltd.*, 761 S.W.2d 226 (Mo.App. E.D.1988) support its position that an occupational disease is not an "injury." In both cases, the court considered Section 287.420,[4] which required an employee to provide notice to employer "not later than thirty days after the accident" describing the "time, place, and nature of the injury."

---

**3.** In 2012, the Legislature amended Section 287.120.2, deleting the word "accidental" preceding "injury or death." L.2012, H.B. No. 1540, § A.

**4.** At the time these cases were decided, Section 287.420 provided:

No proceedings for compensation under this chapter shall be maintained unless written notice of the time, place and nature of the *injury* . . . have been given to the

employer as soon as practicable after the happening thereof but not later than thirty days after the *accident*, unless the division or the commission finds that there was good cause for failure to give the notice, or that the employer was not prejudiced by failure to receive notice.

Mo.Rev.Stat. § 287.420 (1986) (emphasis added).

Elgersma, *829 S.W.2d at 37*; Prater, *761 S.W.2d at 229.* Elgersma *held and* Prater *noted in dicta that, by its terms, the notice requirements of Section 287.420 did not apply to occupational diseases.* Elgersma, *829 S.W.2d at 37*; Prater, *761 S.W.2d at 229. These cases are distinguishable because the statute in question, Section 287.420, expressly limited its application to accidental injuries. In contrast, Section 287.220 refers broadly to "a compensable injury," which encompasses injuries by accident and by occupational disease.* Mo. Rev.Stat. §§ *287.067.1, 287.067.2;* see also KCP & L, *353 S.W.3d at 18 (The Act "distinguishes between two general categories of compensable injuries: (1) injuries by accident; and (2) injuries by occupational disease.").* Point denied.

### Conclusion

The Commission's award is affirmed.

LAWRENCE E. MOONEY, P.J., and KURT S. ODENWALD, J., concur.